**WALASCHEK & ASSOCIATES, INC.,
Plaintiff-Appellant,**

v.

**James Donald CROW and Carolyn S. Crow d/b/a American Seal Coaters, Defendants-Appellees.**

No. 83–1734.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 9, 1983.

Decided May 3, 1984.

William B. Cunningham, Jr., Polster, Polster & Lucchesi, St. Louis, Mo., for plaintiff-appellant.

William C. Welborn, Jr., Atkinson, Welborn & Bohleber, Evansville, Ind., for defendants-appellees.

Before CUMMINGS, BAUER and COFFEY, Circuit Judges.

COFFEY, Circuit Judge.

This is an appeal from a decision of the United States District Court granting the defendants summary judgment. The plaintiff, Walaschek & Associates, instituted this action with the filing of a motion or "information" praying that the defendants, James and Carolyn Crow, be found in contempt for violating an injunction. Walaschek also sought damages.

The injunction allegedly violated was contained in a Consent Judgment entered July 9, 1981, enjoining the Crows from using, selling or manufacturing processes patented by Walaschek. The defendants filed a Rule 12(b)(6) motion to dismiss on the grounds that they had been given permission to use the process. The district court, treating the defendants' motion as one for summary judgment, reviewed affidavits and exhibits, heard oral argument, and ultimately granted summary judgment for the defendants. We affirm.

## I.

Walaschek & Associates, a Pennsylvania corporation having its principal place of business in Fort Lauderdale, Florida, markets a latex additive and latex silicone additive for coal tar pitch emulsion which forms an enhanced seal coat composition for application to such surfaces as asphalt driveways and parking lots. John P. Walaschek, president of the corporation, holds two patents on rubberized coal tar pitch emulsion. In October of 1980, Walaschek sued the defendants James and Carolyn Crow for infringement of these two patents. Before trial the parties agreed to a Consent Judgment entered July 9, 1981, enjoining the Crows from infringing upon the patents except to the extent of any license to be granted by Walaschek. After settlement, Walaschek offered Mr. Crow a nonexclusive license; this license required Crow to take out a financial responsibility bond.

On the day of settlement, Crow disclosed that he had an existing supply of latex additive (not containing silicone), and orally requested permission to use it without payment of royalties. Walaschek gave oral permission.

In the fall of 1981, Crow was the successful bidder for the seal-coating job at Beauregard Parish Airport (hereinafter "Airport") at DeRidder, Louisiana. Walaschek had worked with the Louisiana Department of Transportation to adopt specifications for the seal-coating mixture to be used on the job. Crow's attorney informed Walaschek's attorney that Crow intended to purchase silicone and add it to his existing supply of latex for the job. Walaschek's attorney responded that if Crow added silicone to his existing supply of latex, the resulting mixture would not meet the specifications which the Louisiana Department of Transportation had adopted (with Walaschek's assistance) for the Airport job.

Crow proceeded to utilize his existing supply of the latex additive for the Airport job, and thereafter forwarded to Walaschek the financial responsibility bond required under the licensing agreement, along with royalties due for some *additional* drums of latex-silicone additive he had purchased. When Crow refused to make further royalty payments for his ex-

isting supply of latex additive used on the Airport job, Walaschek filed the instant Motion for Contempt on August 9, 1982. Walaschek also filed an action in state court on December 13, 1982, seeking to recover the additional royalties from the guarantors of the financial responsibility bond under the licensing agreement.

## II.

Contempt proceedings such as the instant case are *sui generis,* neither civil actions nor prosecutions. *Myers v. U.S.,* 264 U.S. 95, 44 S.Ct. 272, 68 L.Ed. 577 (1924). "[T]he action of the trial court upon a charge of contempt is discretionary in character and is not to be reversed except for abuse of such discretion or unless clearly erroneous." *Jewel Tea Co. v. Kraus,* 204 F.2d 549, 551 (7th Cir.1953).

The plaintiff-appellant contends that the district court abused its discretion by deciding issues of controverted fact in its order granting summary judgment. Specifically, findings 5, 7, and 13 of the order are attacked.

*Finding 5:*

At the time the parties agreed to the Consent Judgment, Walaschek orally gave Crow permission to use his existing supply of latex additive (not containing silicone) without requiring payment of additional royalties. The district court in Finding 5 held that no restriction was placed on this use. The appellant contends that both paragraph 11 of Mr. Walaschek's affidavit, and his attorney's letter of January 29, 1982, to Crow's attorney, indicate that the oral permission restricted the use of the latex on hand to non-silicone jobs; thus a disputed issue of fact is raised. Walaschek argues that since the Airport resurfacing required a latex silicone additive, the use of the stock which Crow had on hand does not fall within the permission given and violates the Consent Judgment.

We reject Walaschek's argument. Upon review of Paragraph 11 of Mr. Walaschek's affidavit, we note that it merely refers to the January 29, 1982, letter from Walaschek's attorney to Crow's attorney. However, the January 29, 1982, letter only states that the mixture produced by adding silicone to Crow's existing stock of latex additive will not meet the specifications for the Airport job; it does not state that the use of the existing stock on the Airport job is in violation of the Consent Judgment. From our examination of the record we are unable to find evidence of any restrictions on the oral permission given Crow to use his existing stock of latex additive. A district court under Rule 56 "has the power to penetrate the pleadings and look at any evidential source to determine whether there is an issue of fact to be tried;" when a showing of facts constituting a defense and thus warranting judgment in his favor is made by the movant, "the burden rests on the opposite party to show that he has a plausible ground for maintenance of his cause of action ...." *First Nat. Bank Co. of Clinton, Ill. v. Insurance Co. of North America,* 606 F.2d 760, 767 (7th Cir.1979). In this case, because Walaschek failed to produce any evidence of restrictions on the oral permission given Crow to utilize his existing supply of latex additive, Judge Brooks' finding that no such restrictions were imposed is proper. As our court stated in *Korf v. Ball State University,* 726 F.2d 1222 (7th Cir.1984), "[a] party may not rest on mere allegations or denials of his pleadings; similarly, a bare contention that an issue of fact exists is insufficient to raise a federal issue." *Id.* at 1226 (*quoting Posey v. Skyline Corp.,* 702 F.2d 102, 105 (7th Cir.1983)).

The district court's resolution of the breadth of the oral agreement is dispositive of this case. Since Crow had oral permission from Walaschek to use the existing supply of latex additive, and no evidence of any restrictions on that use is presented in the record, the granting of summary judgment to the defendants was proper. We proceed, however, to examine and affirm the other findings of the district judge to further demonstrate and support the appropriateness of his disposition.

*Finding 7:*

 The district court in Finding 7 of its order held that Walaschek was estopped to deny the validity of the license agreement with Crow.[1] Estoppel arises when one party's conduct leads another to believe that a right will not be enforced, and causes the one so misled to act to his detriment in reliance upon his belief. *Saverslak v. Davis-Cleaver Produce Co.*, 606 F.2d 208, 213 (7th Cir.1979). The trial court found that because Walaschek had treated the license agreement as valid and binding at all times prior to July of 1982, he was estopped to deny its validity thereafter. One of the facts that the court relied upon in determining that Walaschek had treated the agreement as valid and binding was that he had filed an action in Vandenburgh County Circuit Court seeking to recover royalties from the guarantors of the financial responsibility bond Crow had provided pursuant to the license agreement. The court's reliance on this fact was perfectly proper; it is well-established in this circuit that the pleading in one proceeding is admissible and cognizable as an admission in another. *Enquip, Inc. v. Smith McDonald Corp.*, 655 F.2d 115 (7th Cir.1981).

 Walaschek points out that the January 29, 1982, letter from his attorney to Crow's attorney states that since Crow had not yet provided evidence of financial responsibility as required by paragraph 6 of the license agreement, the agreement was "not yet effective"; he therefore argues that the district court's finding that at all times prior to July of 1982 Walaschek had treated the agreement as valid and binding was erroneous. We note that both at the time of the January 29, 1982, letter and later, Walaschek was quoting Crow prices for his product and printing advertising based on a purchase by Crow (Walaschek's affidavit, Paragraphs 21–22), indicating that he considered the license to be valid and binding. Walaschek also received and retained royalty payments from Crow in July of 1982, further indicating that he considered the license to be valid and binding. The totality of these circumstances supports the decision of the district court, and the decision of a trial court upon a charge of contempt is not to be reversed unless clearly erroneous. *Jewel Tea Co., supra.*

*Finding 13:*

In Finding 13, the district court concluded that the acts complained of did not violate the Consent Judgment. Walaschek attacks this finding as erroneous, the result of errors in Findings 5 and 7. We have previously held that Findings 5 and 7 of the trial court were proper. We conclude that the defendant's acts at issue are not in violation of the Consent Judgment, and that Finding 13 is also proper.

## CONCLUSION

We hold that the district court did not abuse its discretion and its decision is AFFIRMED.

---

1. As previously stated, we have found no evidence in the record of any restrictions on the oral permission Walaschek gave Crow to use his existing stock of latex additive. In paragraph 8 of his affidavit, Walaschek states that he gave Crow oral permission to use the existing supply of latex additive *without the payment of additional royalties.* Therefore, even if there *had* been a restriction on the oral permission, use of the stock of latex additive outside the scope of the permission would, rather than violate the Consent Judgment, merely require Crow to pay royalties under a valid license agreement. Thus, given a valid license agreement, there are no grounds for a contempt action.