**Roland J. STEINLE, Jr.,
Plaintiff-Appellant,**

v.

**Robert W. WARREN and Herbert Krusche, Defendants-Appellees.**

**Nos. 84–1910, 84–2570.**

United States Court of Appeals, Seventh Circuit.

Argued April 24, 1985.

Decided June 13, 1985.

---

Roland J. Steinle, Jr., Cedarburg, Wis., pro se.

James P. Brody, Foley & Lardner, Milwaukee, Wis., Daniel S. Farwell, Wis. Dept. of Justice, Madison, Wis., for defendants-appellees.

Before ESCHBACH and POSNER, Circuit Judges, and TIMBERS[*], Senior Circuit Judge.

TIMBERS, Circuit Judge.

Roland J. Steinle, Jr., appeals from a summary judgment entered on appellees' motions on April 26, 1984 in the Eastern District of Wisconsin, Edward J. Devitt, District Judge,[1] pursuant to Fed.R.Civ.P. 56(c). The judgment dismissed Steinle's civil rights complaint. Steinle also appeals from a judgment entered August 15, 1984 awarding attorney's fees and expenses to one appellee and attorney's fees to the other appellee.

The action, pursuant to 42 U.S.C. § 1983 (1982), originally was commenced August 24, 1983 in the Circuit Court for Ozaukee County, Wisconsin. Appellees removed the action on November 8, 1983 to the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. §§ 1441(b) and 1442(a) (1982). Judge Devitt has handled the case by designation, since appellee Robert W. Warren is a United States District Judge for the Eastern District of Wisconsin.

The complaint alleged that in 1969 appellee Herbert Krusche, then an investigative agent of the Wisconsin Department of Justice, authorized an illegal entry into Steinle's law office in Milwaukee for the purpose of removing a file concerning Frank Balistrieri, one of Steinle's clients. The complaint further alleged that this illegal entry was done with the knowledge and consent of appellee Robert W. Warren, then the Attorney General of the State of Wisconsin.

On March 26, 1984, appellees moved for summary judgment. They denied any knowledge of, participation in, or consent to any break-in at Steinle's office, and asserted that the action was time-barred.

On April 25, 1984, the court granted appellees' motions for summary judgment. The order granting the motions was based on the pleadings, the depositions of Steinle, Judge Warren and Krusche, and affidavits submitted by both sides. The court held that Steinle had produced no evidence in opposition to the sworn affidavits of Judge Warren and Krusche sufficient to create a genuine issue of material fact. The court also held that Steinle's complaint was time-barred. In short, the court concluded that appellees were entitled to judgment as a matter of law on the merits and that Steinle's claim was barred by the statute of limitations. A judgment accordingly was entered April 26, 1984.

Steinle also appeals from a judgment entered in the district court August 15, 1984, awarding attorney's fees and expenses to appellees. The court held that Judge Warren and Krusche were prevailing parties under 42 U.S.C. § 1988 (1982); that Steinle, an attorney admitted to practice before the court, unreasonably and vexatiously multiplied the proceedings in the case in violation of 28 U.S.C. § 1927 (1982); and that Steinle, as the attorney and party who signed the complaint and other papers in the action, did so knowing that they were not well grounded in fact and were interposed for an improper purpose in violation of Fed.R.Civ.P. 11. The court awarded Judge Warren attorney's fees in the amount of $23,664, plus $1,096.65 expenses. It awarded Krusche attorney's fees in the amount of $5,312.50.

---

[*] The Honorable William H. Timbers, Senior Circuit Judge for the Second Circuit, sitting by designation.

[1] Hon. Edward J. Devitt, Senior District Judge, United States District Court for the District of Minnesota, sitting by designation.

From the judgments entered April 26, 1984 and August 15, 1984, respectively, Steinle has taken this appeal. For the reasons stated below, we affirm and we award double costs and $2,500 damages in this Court against Steinle.

## I.

The instant action was commenced by Steinle on the eve of trial of the criminal case of *United States v. Frank Balistrieri, et al.*, No. 81–CR–152, pending in the Eastern District of Wisconsin, in which several of Steinle's clients were defendants. Judge Warren was the presiding judge in that case. Contemporaneously with the commencement of the instant action, Steinle distributed a press release to various local newspapers and television stations. The release, entitled "J'Accuse", set forth Steinle's allegations—also set forth in the complaint—that appellees were responsible for an alleged illegal entry of his law office sometime in 1969.

Steinle has admitted that he has no personal knowledge that such a break-in ever occurred or that any files actually were removed. Rather, his awareness of the alleged break-in was based entirely upon comments made to Steinle by one John Forbes, a professional burglar and a close friend of Steinle. According to Steinle, in November 1971 Forbes stated to Steinle during a conversation at the Federal Correctional Institution at Sandstone, Minnesota—where Forbes then was incarcerated—that one night in 1969 he entered Steinle's office at the request of Krusche for the purpose of removing Steinle's file relating to Frank Balistrieri. Steinle admits that he received no new information relating to the events of 1969 subsequent to his 1971 conversation with Forbes at Sandstone.

In 1972, at the Milwaukee Athletic Club, Steinle publicly accused Krusche of authorizing the break-in and of making harassing phone calls to Steinle's wife. Following this outburst, Krusche requested Frank A. Meyers, the Director of Operations of the Division of Criminal Investigation (DCI) of the Wisconsin Department of Justice, to contact Steinle and investigate his accusations. An agent of the DCI did contact Steinle in early 1973, at which time Steinle stated that he had evidence against Krusche but that he chose to do nothing about it at that time.

■ In 1983, at the request of the Balistrieri family, Steinle undertook to compel Judge Warren to recuse himself as the presiding judge in *United States v. Balistrieri*. Balistrieri and Steinle had the idea that Balistrieri would not receive a fair trial if Judge Warren presided.[2] After the failure of several attempts by John C. Tucker (another attorney employed by the Balistrieris) to force Judge Warren's recusal, Steinle and Balistrieri agreed that the only way to achieve their objective was to commence the instant action. They succeeded. On August 26, 1983, Judge Warren reluctantly recused himself from the *Balistrieri* case. Steinle brazenly admitted at the oral argument before us on April 24, 1985 that he commenced the instant action on August 24, 1983 for the express purpose of compelling Judge Warren's recusal.

With this summary of the relevant facts and prior proceedings, we turn to the two issues considered by Judge Devitt in granting summary judgment in favor of appellees—and in the order in which he considered them.

## II.

■ Judge Warren and Krusche filed affidavits in the district court categorically denying any involvement in the alleged break-in. In response, Steinle did not produce any admissible evidence. He relied on

---

**2.** This idea on Steinle's part appears to have been based on Warren's vigorous anti-crime policies while he was Attorney General of Wisconsin. Even if Steinle's idea had any merit, the appropriate course of action would have been to try the case before Judge Warren and then, if necessary, argue the issue of his alleged bias on appeal. *See generally* 13A Wright, Miller & Cooper, Federal Practice and Procedure § 3553 (1984).

his own conclusory allegations, as set forth in the complaint, that Judge Warren and Krusche were responsible for the alleged break-in. These clearly were insufficient to withstand a motion for summary judgment. Fed.R.Civ.P. 56(e); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 159 n. 19 (1970). Steinle did attach as Exhibit A to his response to appellees' petition for removal a copy of a transcript of an interview that Steinle and Tucker had with Forbes on January 17, 1983. The copy was unsigned and unsworn. As such, the transcript was inadmissible as probative evidence and was ineffective to defeat the motion for summary judgment. Fed.R.Civ.P. 56(e); *First National Bank Co. v. Insurance Co. of North America,* 606 F.2d 760, 766 (7th Cir.1979). A letter from Tucker to Forbes, dated January 25, 1983, requested Forbes to sign the original transcript which was enclosed with the letter and to have his signature notarized. Steinle produced no evidence that this was ever done and disclaimed any knowledge that it ever was done. If, as Steinle would have us surmise, a sworn signed transcript exists, it was not filed in the district court, is not part of the record on appeal, and may not be considered by this Court. Even if the transcript of the Forbes interview were admissible evidence, which it is not, *nothing* in that transcript even remotely suggests that Judge Warren was personally responsible for Krusche's alleged instigation of the break-in of Steinle's office or that the alleged break-in was committed with Judge Warren's knowledge or consent. Under these circumstances, Steinle has failed to establish a § 1983 claim against Judge Warren. *Wellman v. Faulkner,* 715 F.2d 269, 275 (7th Cir.1983), *cert. denied,* — U.S. ——, 104 S.Ct. 3587 (1984).

■ Steinle's Reply Brief *in this Court* includes what purports to be a copy of an affidavit said to have been signed by Forbes on June 23, 1983. This so-called "affidavit" purports to allege the same facts as set forth in the transcript of the January 17, 1983 interview at Sandstone. The unauthenticated copy of this so-called "affidavit" is in obviously improper form. It does not purport to show where it was executed. The jurat is wholly defective. The identity of the notary is incomplete, failing to disclose where she was commissioned and when her commission expires. While Steinle says that this document was delivered to Judge Devitt's chambers at the time of appellees' motion for summary judgment, it never was filed in the district court. It is not part of the record on appeal. Steinle as an attorney admitted to practice in the district court should be aware that merely forwarding a document to a judge's chambers is insufficient to make the document a part of the district court record, let alone part of the record on appeal to this Court. Judge Devitt refused to consider this purported affidavit in making his decision, stating that "Steinle has produced no evidence in opposition to Warren's and Krusche's affidavits that create genuine issues of fact." We agree, and likewise, we will not consider it.

■ Steinle suggested at oral argument before us that the parties had entered into a stipulation in the district court stating that the affidavit would not be challenged because of any mechanical defect. Our careful examination of the record on appeal discloses no such stipulation having been filed in the district court. Since there was no oral argument in the district court, there could not have been any oral stipulation. In any event, if such a stipulation had been entered into at some point during the proceedings in the district court, it was Steinle's burden to make sure that it became part of the record on appeal, especially since the authenticity of either the transcript or the affidavit was the *only* reed—albeit a thin one—by which Steinle's claim might be supported. *In re Schnabel,* 612 F.2d 315, 318 (7th Cir.1980).

Since Steinle has not established any personal involvement by Judge Warren in any alleged violation of Steinle's constitutional rights and has not produced any evidence which would be admissible at trial to con-

trovert the affidavits of Judge Warren and Krusche so as to create genuine issues of material fact, we hold that the district court properly granted appellees' motions for summary judgment on the merits.

### III.

█ The district court also properly dismissed the complaint as time-barred.

Steinle admitted that he knew all about the alleged break-in no later than November 1971. As the court correctly held, the period of limitations applicable to § 1983 actions is the limitation period for state law claims most analogous to the federal claim. *Board of Regents v. Tomanio*, 446 U.S. 478, 483–87 (1980). The longest applicable limitations period under Wisconsin law is six years. Wis.Stat. §§ 893.51, .52, .93(1)(a) (1979). Steinle had until November 1977 to commence his § 1983 action. He commenced the action in 1983— six years too late.

█ Steinle's reliance on *Bell v. City of Milwaukee*, 514 F.Supp. 1363 (E.D.Wis. 1981), for his contention that he had reasonable grounds to believe that a "dramatic change in the law of limitations was occurring", is misplaced. *Bell* merely reiterated the well-settled doctrine that a statute of limitations will be tolled where it can be shown that the defendants fraudulently have concealed the facts which form the basis for the cause of action and that the plaintiff remained in ignorance of those facts through no fault of his own. *Baker v. F & F Investment*, 420 F.2d 1191, 1199 (7th Cir.), *cert. denied*, 400 U.S. 821 (1970). Steinle cannot invoke this doctrine since, by his own admission, he knew in 1971 all he needed to know in order to commence his action. Since *Bell* obviously did not announce new law, Steinle had no ground to believe that the statute of limitations would not be applied to his action. We find no merit in Steinle's assertion that commencement of the instant action was not frivolous because the statute of limitations is an affirmative defense which must be pled or is waived.

### IV.

█ Steinle admitted at oral argument that he knew the instant action was time-barred. His asserted "justification" for commencing the action in spite of this was his reliance on the ethical canon that a lawyer "should resolve in favor of his or her client doubts as to the bounds of the law." Wis.S.C.R. 20.34(1)(c) (1980). In doing so, however, Steinle has ignored certain other rules, such as Wis.S.C.R. 20.36(1)(a) (1980), which provides:

> "In his or her representation of a client, a lawyer may not: (a) file a suit, assert a position, conduct a defense, delay a trial, or take other action on behalf of the client when the lawyer knows or when it is obvious that such action would serve merely to harass or maliciously injure another."

*See also*, Wis.S.C.R. 20.34(2)(a) (1980) ("a lawyer is not justified in asserting a position in litigation that is frivolous"). Steinle mistakenly believes that his duty to his client extends even to commencing a frivolous and meritless action intended to harass appellees and to impede and obstruct the due administration of justice by intentionally forcing a United States District Judge to recuse himself from a pending criminal case on the eve of trial. Steinle ignores the fact that he also is an officer of the court and that his duty to the court is paramount, even to the interests of his client. *Van Berkel v. Fox Farm and Road Machinery*, 581 F.Supp. 1248 (D.Minn.1984). His conduct, in total disregard for this duty cannot be countenanced. See our direction to the Clerk at the end of this opinion.

█ The district court, having found that appellees were the prevailing parties in this action pursuant to 42 U.S.C. § 1988 (1982), held that Steinle's claims were frivolous, without merit, and brought in bad faith. We affirm the court's award of attorney's fees and expenses in favor of ap-

pellees and against Steinle as set forth at the outset of this opinion. 42 U.S.C. § 1988 (1982); 28 U.S.C. § 1927 (1982); Fed.R.Civ.P. 11.

■ We also find this appeal to have been so completely frivolous as to render its prosecution a gross abuse of the appellate process and to have put appellees to the substantial expense required to analyze the record, brief the issues and argue the case. We therefore order, pursuant to Fed.R.App.P. 38 and 28 U.S.C. § 1912 (1982), under all the circumstances of this appeal, that (1) double costs on appeal and (2) damages in amount of $2,500 or the amount of appellees' expenses (other than the costs of this appeal), including their counsel fees, whichever sum is less, be awarded against appellant Roland J. Steinle, Jr. *Bankers Trust Co. v. Publicker Industries, Inc.*, 641 F.2d 1361, 1368 (2d Cir.1981); *Bank of Canton, Ltd. v. Republic Nat'l Bank*, 636 F.2d 30, 31 (2d Cir. 1980) (per curiam); *Browning Debenture Holders' Committee v. DASA Corp.*, 605 F.2d 35, 40–41 (2d Cir.1978). Any difference as to the amount of damages will be resolved by the district court.

We order that the mandate issue forthwith; that the judgment of this Court include the provisions for double costs and damages as ordered above; that execution on the judgment of this Court for damages issue forthwith; and that execution on the judgment of this Court for costs issue within ten days of the taxation of costs according to law.

Finally, we direct the Clerk of our Court to transmit as promptly as practicable to the Board of Attorneys Professional Responsibility, Madison, Wisconsin a certified copy of the record in this case, including a copy of this opinion, for such disciplinary action as that committee may consider appropriate.

AFFIRMED with double costs and $2,500 damages against Roland J. Steinle, Jr.