Geraldine G. **CANNON,** Plaintiff,

v.

**LOYOLA UNIVERSITY OF CHICAGO,**
et al., Defendants.

No. 86 C 5437.

United States District Court,
N.D. Illinois, E.D.

April 20, 1987.

See also, D.C., 116 F.R.D. 243.

John Cannon, Chicago, Ill., for plaintiff.

William H. Oswald, Loyola University of Chicago, Thomas H. Morsch, Sidley & Austin, George F. Galland, Jr., Davis Barnhill & Galland, Stuart Bernstein, Mayer Brown

& Platt, Eric A. Oesterle, Sonnenschein Carlin Nath & Rosenthal, William J. Sneckenberg, Chicago, Ill., for defendants.

### MEMORANDUM ORDER

ASPEN, District Judge:

Plaintiff Geraldine G. Cannon again causes this Court to revisit and reiterate positions and rulings we have already made in this case, not to mention the rulings we have made in her other cases on this issue. Today, Cannon has a "Motion to Clarify Order or Extend Time for Appeal" which she claims we must address. Essentially, Cannon wants us to "make findings with respect to the facts set out in paragraph 4 above or otherwise give the reasons for dismissal of this action without the remand of any claim to state court as now required by Circuit Rule 50." (Plaintiff's motion at 5). Cannon's paragraph 4 states:

> On September 18, 1986 the Court denied plaintiff's motion to vacate judgment and treat defendants' motion to dismiss as a motion for summary judgment without any specific reference to her motion for additional findings of fact. The same order also referred defendants' motion and renewed motion for sanctions to Magistrate Bucklo.

(Plaintiff's motion at 1). We thus understand Cannon wants us to make findings with respect to our September 18, 1986 Order in which we denied Cannon's motion to vacate judgment and treat defendants' motion as a motion for summary judgment. Cannon represents to the Court that we must do this pursuant to Seventh Circuit Rule 50. We find that such a statement is a gross misrepresentation of Circuit Rule 50. Circuit Rule 50, formerly Circuit Rule 20, states the following:

> Whenever a district court dismisses a claim or counterclaim or grants summary judgment, the district judge shall give his or her reasons for the dismissal of the claim or counterclaim or the granting

of summary judgment, either orally on the record or by written statement.

Our September 18, 1986 Order was neither a dismissal of a claim or counterclaim nor a grant of summary judgment. Thus, Circuit Rule 50 very clearly does not relate at all to our September 18, 1986 Order, and Cannon's representation that it does is a blatant misrepresentation to this Court.[1] The only order that we have issued in this case to which Circuit Rule 50 applies is our August 4, 1986 Order in which we granted defendants' motion to dismiss. In that order we gave our reasons for the dismissal. The reasons set forth in that order meet the requirements of Circuit Rule 50.

We note that in her reply of April 7, 1987, Cannon requests that we make findings of fact with respect to the facts set out in her paragraph "6" instead of paragraph "4" as indicated in her original motion. We do not know whether this is just an example of poor proofreading on counsel's part or another example of the plaintiff's methods of creating reasons to write new motions where none existed. If we had just addressed her paragraph "4" facts, then we would no doubt find another motion informing us that we made a mistake and did not address her paragraph "6" facts. Nevertheless, we find we have no more obligation to make findings of fact as relate to her paragraph "6" facts than we had an obligation to make findings of fact relating to her paragraph "4." Our reasons for our dismissal of this action are on the record.

We also want to reiterate our recent message to plaintiff and her counsel in our April 16, 1987 Order in Docket No. 84 C 8063. Plaintiff and counsel are strongly admonished to discontinue this endless stream of redundant and meritless pleadings with which they have been flooding this Court. We will not hesitate to assess further sanctions under Fed.R.Civ.P. 11 and will not limit the sanctions to merely the amount of costs and attorney's fees

---

1. Cannon's reference to Fed.R.Civ.P. 52(b) is equally inapplicable to this case. Rule 52(b) only applies when a court makes findings of fact "[i]n all actions tried...." Because we dismissed this case, there was no need to try it.

incurred by the opposing party, but where appropriate we will impose in addition sanctions payable directly to the Clerk of the Court for wasting judicial resources. *Advo System, Inc. v. Walters,* 110 F.R.D. 426, 433 (E.D.Mich.1986); *Olga's Kitchen of Hayward, Inc. v. Papo,* 108 F.R.D. 695, 711 (E.D.Mich.1985); *Itel Containers International Corp. v. Puerto Rico Marine Management, Inc.,* 108 F.R.D. 96, 106 (D.N.J.1985). The taxpayers of the United States should not have to bear the burden of Mrs. Cannon's "penchant for harassing the defendants," *Cannon v. Loyola University,* 784 F.2d 777, 782 (7th Cir.1986), which has turned into a penchant for unduly burdening this Court as well. It is so ordered.