**FISHER BROTHERS, Plaintiff,**

v.

**CAMBRIDGE–LEE INDUSTRIES, INC., Cerro Copper Products Co., Inc., Halstead Industries, Inc., and Howell Metals Company, Defendants.**

**and Related Actions.**

**No. 82–4921.**

United States District Court, E.D. Pennsylvania.

Dec. 14, 1983.

Seymour Kurland, Burt M. Rublin, Wolf, Block, Schorr & Solis-Cohen, Leonard Barrack, Barrack, Rodos & Bacine, Allen D. Black, Warren Rubin, Gross & Sklar, P.C., Philadelphia, Pa., Stephen D. Susman, Tarrell W. Oxford, Susman, Godfrey & McGowan, Houston, Tex., Arnold Levin, Levin & Fishbein, David Berger, Martin I. Twersky, Berger & Montague, P.C., Philadelphia, Pa., Alan Neigher, Judith Trutt, Westport, Conn., Vance Opperman, Opperman & Paquin, Minneapolis, Minn., Harold E. Kohn, Michael D. Hausfeld, Dianne M. Nast, Kohn, Savett, Marion & Graf, P.C., Philadelphia, Pa., for plaintiff.

William M. Wycoff, Michael J. Tomana, Thorp, Reed & Armstrong, Pittsburgh, Pa., Henry T. Reath, Duane, Morris & Heckscher, Patrick T. Ryan, Gary R. Battistoni, Drinker, Biddle & Reath, Seymour I. Toll, Toll, Ebby & Gough, Joseph A. Tate, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., Lowell Sachnoff, Sachnoff, Weaver & Rubenstein, Chicago, Ill., for defendants.

## MEMORANDUM OF DECISION

SHAPIRO, District Judge.

Plaintiff Fisher Brothers filed a class action complaint on November 5, 1982, alleging violations of the Sherman Act, 15 U.S.C. § 1, in the copper water tubing industry by defendants Cambridge-Lee Industries, Inc., Cerro Copper Products Company, Halstead Industries, Inc., and Howell Metal Company. Since the filing of that complaint, numerous other complaints with similar allegations have been filed. Some of the complaints have been consolidated with this action pursuant to this court's Pretrial Order No. 1 dated December 17, 1982; other complaints that also name Phelps-Dodge Industries, Inc. as a defendant have been coordinated for pretrial purposes. On March 18, 1983, a Grand Jury in the Eastern District of Pennsylvania returned an indictment against six corporate defendants and six individual defendants for violations of the Sherman Act in the copper water tubing industry. One of the corporate defendants in the consolidated actions, Howell Metal Company ("defendant Howell") was not named in the indictment.

On May 23, 1983, pursuant to Rule 11 of the Federal Rules of Civil Procedure, defendant Howell filed a motion that the complaint against it be dismissed because it was joined as defendant by plaintiffs' attorneys without investigation and a good faith belief in the averments contained therein. In response to defendant Howell's Rule 11 motion, plaintiffs' attorneys described in general terms their investigation of price-fixing activities in the copper water tubing industry prior to filing the original complaint. Plaintiffs requested the court to dismiss defendant Howell's motion and award plaintiffs attorneys' fees pursuant to 28 U.S.C. § 1927. But Howell continued to insist that as to it the Complaint and Joint Amended Complaint should be stricken because plaintiffs' counsel did not have good ground to join it as a defendant and failed to reveal information showing that good ground existed. (Defendant's Sur-Reply to Plaintiff's Motion for Sanctions at 2).

Plaintiffs filed a motion for sanctions, including attorneys' fees, against defendant Howell and its attorneys pursuant to 28 U.S.C. § 1927. Defendant Howell responded in opposition; plaintiffs filed a reply and defendant Howell a sur-reply. Defendant Howell's Rule 11 motion was denied and plaintiffs were awarded reasonable attorneys' fees incurred in responding to defendant Howell's Rule 11 motion. But plaintiffs' motion for sanctions was denied and no fees or costs were awarded in connection with this motion. This memoran-

dum is in explanation of the court's ruling from the Bench.

■ Rule 11 states in part:

Every pleading of a party represented by an attorney shall be signed by at least one attorney.... The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the *best of his knowledge, information, and belief* there is good ground to support it.... (emphasis added).[1]

It requires that an attorney filing a pleading do so in good faith whether or not the pleading viewed objectively has merit; the test is subjective. *Nemeroff v. Abelson,* 620 F.2d 339, 350 (2d Cir.1980) ("Rule 11 speaks in plainly subjective terms ... [t]he standard under Rule 11, therefore, is bad faith."); *see, Kinee v. Abraham Lincoln Federal Savings & Loan Ass'n.,* 365 F.Supp. 975, 982–83 (E.D.Pa.1973) (court awarded attorneys' fees against counsel who selected the defendants from their telephone book listing); 2A Moore's Federal Practice, ¶ 11.02, at 11–5 (2d Ed. 1983) (Rule 11 "is designed to aly [sic] upon counsel a definite moral and professional obligation in drawing up and presenting pleadings ... [and] [h]is signature is a certificate of good faith.").

■ Rule 11 has been violated "only when it appears beyond peradventure that [the pleading] is sham and false and that its allegations are devoid of factual basis ...." *Murchison v. Kirby,* 27 F.R.D. 14, 19 (S.D.N.Y.1961); *accord, Cornaglia v. Ricciardi,* 63 F.R.D. 416 (E.D.Pa.1974). A Rule 11 motion cannot be used as a substitute for appropriate discovery by the movant or to prevent discovery of the movant. *Chipanno v. Champion International*

*Corp.,* 702 F.2d 827, 831 (9th Cir.1983) ("The rule is not a discovery device. It is not to be used to require plaintiff to offer proof of his case ... before discovery and before trial."). "[I]n the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation...." 97 F.R.D. 165, 200 (Advisory Committee Note for Rule 11).[2]

■ There has been no showing that plaintiffs' counsel acted in bad faith in filing the original complaint. On the contrary, it appears that counsel conducted a reasonably extensive investigation into alleged price-fixing in the copper water tubing industry and drafted the complaint accordingly. In its Memorandum in Support of Motion Pursuant to Rule 11, defendant Howell claimed that plaintiffs' counsel filed their complaint with "little information ... other than hearsay that a grand jury was investigating copper water tubing and Howell was a manufacturer of the same." (Memorandum in Support at p. 12). Howell also asserted that the complaint was based "on suspicion, conjecture and rumor in the hope that broad discovery would turn up facts needed to support these allegations." (Memorandum in Support at p. 2). Subsequently, in Howell's Memorandum in Opposition to Plaintiffs' Motion for Sanctions, it admitted that "plaintiffs' counsel conducted an in-depth investigation." (Memorandum in Opposition to Plaintiffs' Motion for Sanctions, it admitted that "plaintiffs' counsel conducted an in-depth investigation." (Memorandum in Opposition at p. 10). But although counsel acknowledged the lack of basis in fact for its former claim of insufficient good faith investigation, it did not withdraw its Rule 11 motion. In-

---

**1.** Rule 11 has been amended (text appears at 97 F.R.D. 165, 196–97). The Supreme Court Order adopting the amendment states that it "shall take effect on August 1, 1983 and shall govern all civil proceedings thereafter commenced and, insofar as just and practicable, in proceedings then pending." 97 F.R.D. 165. The import of Rule 11, however, was not altered for the purpose of the court's ruling on defendant Howell's motion. For this reason and in light of the filing of plaintiffs' complaint and this motion prior to the effective date of the amendment, the court relied on the pre-amendment language of Rule 11.

**2.** Of course, if plaintiffs should learn later in the course of this litigation that there is no reasonable basis to continue against defendant Howell or any other defendant, plaintiffs have the obligation to withdraw their complaint; failure to do so would then give such defendant the right to seek appropriate redress for violation of Rule 11.

stead, Howell merely shifted its Rule 11 argument; it contended that although plaintiffs' counsel had conducted an investigation, they failed to discover any "good ground" to sue Howell. This was stated to be so because a grand jury, with "knowledge of the results of plaintiffs' counsel's investigation, refused to indict Howell...." (Memorandum in Opposition at p. 10). Although the indictment did not name Howell, it did refer to "unindicted co-conspirators." (See Indictment at ¶ 4). But whether or not this was intended to refer to Howell, the fact that the defendant was not indicted by a grand jury was not a proper basis for a Rule 11 motion in a civil suit. There is a long-recognized difference in the standard of proof for civil and criminal antitrust cases. *See e.g., United States v. United States Gypsum Company,* 438 U.S. 422, 98 S.Ct. 2864, 57 L.Ed.2d 854 (1978). The actions of a grand jury have no bearing on the Rule 11 issue.

The timing of defendant Howell's motion is also troubling. "A party seeking sanctions should give notice to the court and the offending party promptly upon discovering a basis for doing so." 97 F.R.D. 165, 200 (Advisory Committee Note for Rule 11). Howell relied on the return of criminal indictments against defendants other than Howell and statements of the President of Fisher Brothers at his deposition. But these occurred before Howell agreed with the other defendants that class certification was appropriate, joined in submitting a stipulated class to the court for approval, stipulated that plaintiff might file a consolidated amended complaint on behalf of the agreed upon class and answered the amended complaint after it was filed. In none of these instances did Howell raise or reserve its right to file a Rule 11 motion as to the pleadings.

A Rule 11 motion tests the good faith and adequacy of counsel. The court cannot certify a class without a finding that the named class representative and its counsel will fairly and adequately protect the interests of the class; Howell agreed that plaintiffs' counsel was adequate when it joined in submitting a stipulation for class certifi-

cation to the court for its approval. Howell at no time raised or reserved its right to file a Rule 11 motion testing the good faith or adequacy of counsel. In the absence of later discovered information, not previously discoverable with due diligence, Howell's Rule 11 motion was inappropriate and untimely when filed.

Defendant Howell's motion has been denied and the court has granted attorneys' fees incurred in responding. Plaintiffs' Motion for Sanctions was denied; plaintiffs' motion was surplusage because plaintiffs requested attorneys' fees in their response to defendant Howell's motion. Subsequent to the court's ruling from the Bench after oral argument, counsel for defendant Howell wrote a letter which has been filed as a motion for reconsideration. However, the motion for reconsideration is denied for the reasons stated herein.