**Mitchell VAN BERKEL, Plaintiff,**

v.

**FOX FARM AND ROAD MACHINERY, et al., Defendants.**

**Civ. 3–83–1118.**

United States District Court,
D. Minnesota,
Third Division.

March 22, 1984.

Warren Spannaus, John M. Mason, David Y. Trevor, Dorsey & Whitney, Minneapolis, Minn., for plaintiff.

Sally A. Johnson, Faégre & Benson, Minneapolis, Minn., for defendants.

## MEMORANDUM & ORDER

DEVITT, District Judge.

The principal issue here, occasioned by defendants' motion for summary judgment and for reimbursement of costs and attorneys fees, is whether plaintiff's attorney acted within proper professional standards when he instituted this products liability case, and later when he refused to dismiss it upon learning that all the claims were time barred by statutes of limitations.

Plaintiff is a Minnesota farmer who lost his right arm in a farm accident on September 6, 1976 while using a corn chopper manufactured, sold and distributed by defendant foreign corporations. Plaintiff engaged Douglas E. Schmidt of the Minneapolis law firm of Grose, Von Holtum, Sieben and Schmidt, Ltd., to represent him. Mr. Schmidt filed this law suit on September 2, 1983 on theories of negligence, strict liability and breach of express and implied warranties. The complaint alleged that the accident took place on September 6, *1977*. In actuality, the accident happened on September 6, *1976*, not September 6, *1977*. When the law suit was filed on September 2, 1983, the Minnesota statutes of limitation on all claims had already run.

Defendants filed their answer on October 7, 1983 alleging, among other defenses, that the claims were time barred by the statutes of limitation. On October 12, 1983, defendants' attorney served a demand for medical disclosure, including a request for medical authorizations. It was not till December 28, 1983, after repeated demands by defendants, that plaintiff's attorney, Mr. Schmidt, provided defendants with the medical authorizations. On January 9, 1984, Mr. Schmidt served a response to the demand for medical disclosure.

On January 24, 1984 defendants' attorney wrote Mr. Schmidt and enclosed copies of the medical records which reflected that the accident happened on September 6, *1976* and hence all claims were time barred, and asked plaintiff's attorney to dismiss the case. Defendants' attorney called Mr. Schmidt on February 1, 1984, asking him to

dismiss the case. Defendants' attorney confirmed this phone call by a letter to Mr. Schmidt dated February 2, 1984. Plaintiff's attorney was also furnished a copy of a news article from the Star Herald, a Luverne, Minnesota newspaper dated September 15, 1976, reporting that the accident happened on September 6, *1976.*

When plaintiff's attorney did not respond to her requests for dismissal, defendant's attorney filed this motion for summary judgment and for recovery of costs and attorneys fees, returnable on March 12, 1984, together with a memorandum of points and authorities. Mr. Schmidt did not lodge a responsive memo in advance of the hearing as required by the local rules and standing order, but he did appear at the hearing on March 12, 1984. He then offered a personal affidavit stating in effect that his client had told him the accident happened on September 6, *1977*, that he had no reason to believe otherwise, and that he acted in good faith and believed his client acted in good faith. When asked what inquiry he had made before instituting the law suit, Mr. Schmidt said he had a competent expert witness check out the machine, talked to plaintiff and family members at their farm home, and received copies of the operator's and owner's manuals "and that would be it." (P. 7, 15–16 of transcript of March 12, 1984.) He said he did not obtain or review any medical records before starting the law suit and did not see them till they were furnished to him by defendants' counsel in January or February 1984, some four or five months after suit was filed (P. 20 of transcript), and apparently over four years after he was retained by his client.

Mr. Schmidt said he did not voluntarily dismiss the law suit when asked to do so by defendant's attorney because he "had some difficulty in contacting his client" and "because the client had difficulty in coming to an acceptance." (P. 12 of transcript.) Mr. Schmidt said he "was not able to voluntarily dismiss it. I have an ethical duty to my client." (P. 12 of transcript.)

It was suggested to Mr. Schmidt that he obtain the services of a lawyer to represent him, that he file a responsive memorandum and appear in court again on March 22, 1984. He has done so. Plaintiff was not present to affirm or deny that he told Mr. Schmidt the accident happened on September 6, *1977.* His attorneys, Dorsey and Whitney, claim in their memorandum that Mr. Schmidt acted at all times in complete good faith, that his signing of the complaint was based on reasonable inquiry under the circumstances, and that his failure to voluntarily dismiss the law suit does not satisfy the requirements of the statute for an award of attorneys fees.

Rule 11 of the Federal Rules of Civil Procedure provides that the signature of an attorney to a pleading is a certification that he has made reasonable inquiry upon which to base a belief that the allegations of it are well grounded in fact and law and provides for sanctions for its violation. 28 U.S.C. § 1927 authorizes imposition of costs and attorneys fees upon an attorney who multiplies proceedings unreasonably and vexatiously.

Had Mr. Schmidt made even a minimum investigation into the facts of this case, he would have determined the accurate date of the accident. The hospital and medical records reflected it. The client came to Mr. Schmidt, the affidavits show, sometime before 1980, so he had adequate time to obtain and examine all pertinent records and make additional needful inquiry. Plaintiff's case was put on his law firm's computer in 1980 and Mr. Schmidt was periodically advised of the date of the running of the statute of limitations. Assuming a September 1977 accident date, had Mr. Schmidt filed the action anytime before September 1981, all claims, including the breach of warranty claims which had a four year limitation period, would have been timely.

But assuming lack of a more extensive investigation to be excusable, he well might have been alerted to the statute of limitations problem when defendants' answer, filed on October 7, 1983, alleged that as a

defense. Certainly any misunderstanding counsel might have had as to the true date of the accident should have been put to rest when his client wrote him under date of December 21, 1983 and made reference to the fact that "the accident happened in Sept. *1976.*"

When defendants' counsel eventually obtained the medical and hospital records, after inordinate delay by plaintiff's counsel in authorizing their availability, defendants' counsel wrote Mr. Schmidt on January 24, 1984 and told him the records showed the date of the accident to be *1976*, not *1977*, that all causes of action were therefore barred by time, and asked him to voluntarily dismiss the action. He did not do so. Defendants' counsel wrote him again under date of February 2, 1984 and repeated the request. Again, Mr. Schmidt did not dismiss. Defendants' counsel then brought this motion for summary judgment and for expenses and fees occasioned by Mr. Schmidt's failure to voluntarily dismiss the action. Counsel for plaintiff thus had another opportunity to dismiss the action, which he then recognized to be untenable. He did not do so. Mr. Schmidt does not deny that the action is time barred and that defendants are entitled to summary judgment but he has repeatedly refused to dismiss.

Mr. Schmidt's stated justification for not dismissing the lawsuit after learning it was time barred is that he could not dismiss it without his client's approval and that he had "an ethical duty to my client." This was wrong. On the contrary, Mr. Schmidt had a professional duty to dismiss a baseless law suit, even over the objection of his client, and to do it promptly when he learned that his client had no case.

Attorneys are officers of the court and their first duty is to the administration of justice. Whenever an attorney's duties to his client conflict with those he owes to the public as an officer of the court, he must give precedence to his duty to the public. Any other view would run counter to a principled system of justice. *See Theard v. United States*, 354 U.S. 278, 281, 77 S.Ct. 1274, 1276, 1 L.Ed.2d 1342 (1957); *Hoppe v. Klapperich*, 224 Minn. 224, 240–41, 28 N.W.2d 780, 791 (1947); Minnesota Code of Professional Responsibility EC 7–10, DR 7–102(A)(1).

On the basis of the files and records, the court finds that:

1. Douglas E. Schmidt, a member of the bar of this court, did not make "reasonable inquiry" upon which to base a belief that the allegations of the complaint were true in fact or in law before signing it as required by Rule 11.

2. Douglas E. Schmidt unjustifiedly failed to dismiss this lawsuit after learning that it was barred by the statutes of limitations. He thereby multiplied these proceedings unreasonably and vexatiously within the meaning of 28 U.S.C. § 1927.

IT IS ORDERED THAT:

1. Defendants' motion for summary judgment is granted.

2. Douglas E. Schmidt, signatory as attorney for plaintiff on the complaint, is *SANCTIONED* and ordered personally to pay defendants' costs, expenses and attorneys' fees occasioned by such conduct, which the court finds to be $2,894.62.

The clerk is directed to enter judgment accordingly.