**WATCH WHAT DEVELOPS FRANCHISE CONCEPTS, INC., et al., Plaintiffs,**

v.

**PAR FIVE, INC., et al., Defendants.**

**No. C85–782Y.**

United States District Court,
N.D. Ohio, E.D.

Dec. 9, 1985.
Memorandum on Fees Feb. 4, 1986.

Richard W. McLaren, Jr. and Daniel R. Cherry, Squire, Sanders & Dempsey, Cleveland, Ohio, for defendants.

John H. Vynalek, Cleveland, Ohio, for plaintiffs.

## MEMORANDUM AND ORDER

WHITE, District Judge.

This matter is before the Court upon defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and defendants' motion for sanctions pursuant to Rule 11 of the Fed.R.Civ.P. regarding the "1 Hour

Photo" claim. The basis of the summary judgment motion is that defendants are the third party beneficiaries of a 1982 Settlement Agreement between plaintiff 1 Hour Photo, Inc. and Noritsu American Corporation in which plaintiff agreed never to assert rights to "1 Hour Photo". (Certified copy of the file wrapper and contents for opposition No. 106,133).

Section 2 of the 1982 Noritsu Settlement Agreement provides:

1 Hour Photo, Inc. represents, warrants, covenants and agrees that it will never assert a proprietary or exclusive ownership claim in the words 1 Hour Photo other than as used in juxtaposition with the graphic of the undeveloped film strip and the words WATCH WHAT DEVELOPS. It is understood and acknowledged that the covenant stated in this paragraph runs in favor of Noritsu American Corporation and all past, present and future customers of Noritsu which utilize equipment manufactured or distributed by Noritsu.

Based upon this section plaintiff gave up any claim to "1 Hour Photo". The record supports the proposition that plaintiff was fully aware of this 1982 Settlement Agreement and filed this cause of action anyway.

Defendants' also seek a motion for sanctions pursuant to Rule 11 of the Fed.R. Civ.P. based upon the ground that plaintiffs' claim is baseless.

■ Rule 11 of the Federal Rules of Civil Procedure imposes an affirmative duty on the attorney for the plaintiff to make a reasonable inquiry to ensure that a claim is grounded in fact and law before bringing a lawsuit. Rule 11 also provides that if this Court finds that this action was obviously meritless in violation of this Rule, the Court:

shall impose upon the person who signed it ... *an appropriate sanction which may include an order to pay to the other party ... the amount of the reasonable expenses incurred ... including a reasonable attorney's fee.*

It is noteworthy that Rule 11 provides for the imposition of sanctions in mandatory language. Rule 11 provides for the liberal imposition of sanctions for the purpose of deterring abusive litigation tactics and to reduce the filing of frivolous claims with the resultant burden of the cost of litigation.

In *Van Berkel v. Fox Farm and Road Machinery,* 581 F.Supp. 1248 (D.Minn. 1984), the Court ordered plaintiffs' counsel to pay attorneys' fees, costs and expenses incurred by the defendant in the amount of nearly Three Thousand Dollars ($3,000), as a sanction for the violation of Rule 11. In that case, defense counsel had repeatedly brought the statute of limitations defense to the attention of plaintiffs' counsel, who repeatedly refused to voluntarily dismiss the case against the defendant. As a result, the defendants moved for summary judgment and for sanctions under Rule 11, which were granted. Similarly, in *Fisher Brothers v. Cambridge-Lee Industries, Inc.,* 585 F.Supp. 69, 71 (E.D.Pa.1983), the Court noted that a plaintiff has an obligation to withdraw a complaint upon learning that there is no reasonable basis to continue the lawsuit against the defendants. The failure to do so "would then give such defendants the right to seek appropriate redress for violation of Rule 11".

■ In the instant case the plaintiff was requested to produce all documents relating to the "1 Hour Photo", claim in which plaintiffs responded by not producing the settlement agreement. (Defendants' Interrogatories Numbers 15(d), 68(c), 75 and 76). Furthermore, the record reflects that plaintiffs' "1 Hour Photo" is the principal basis for plaintiff's request for injunctive relief. The record reveals that plaintiffs' claim is not well grounded in fact and asserts baseless claims. Therefore, this Court finds that defendants are entitled to recover attorney fees.

In determining the attorney fees this Court finds that *Northcross v. Board of Ed. Memphis City Schools,* 611 F.2d 624 (6th Cir.1980), is applicable in this case. Using the standard set forth in *Northcross* this Court orders defendants to fill within

thirty (30) days of this order the appropriate materials and brief for the determination of the amount of reasonable attorney fees and expenses. Plaintiffs have fifteen (15) days after receiving defendants brief and materials to respond. Accordingly defendants' motion for summary judgment and motion for sanctions is HEREBY GRANTED.

IT IS SO ORDERED.

### MEMORANDUM ON FEES

After a careful review of the pending motions filed on behalf of both parties this Court concludes that the following fees are appropriate in this case.

First, it is noteworthy to indicate that plaintiff only takes issue with defendants' claim for attorney fees expended on behalf of the other defendants. Plaintiff does not dispute the cost of $10,999.50 which represents 88 hours of work exclusively done on behalf of Defendant Rigby. Therefore, the $10,999.50 cost should be awarded without dispute.

■ However, plaintiff does not set forth any persuasive authority to deny the cost which reflects work done for the defense of all seven defendants. Since the defendants are represented by one attorney it is logical to conclude that some expenses would reflect work done for all seven defendants. Therefore, defendants share of one seventh of the total of 163.42 hours of work equals $20,384.18 in cost. This amount is reasonable and awardable under *Northcross v. Board of Education of Memphis City Schools,* 611 F.2d 624 (6th Cir.1980).

The total disbursements cost is $9,799.60 but one-seventh of this cost equals $1,399.94. Therefore, plaintiffs Watch What Develops Franchise Concepts, Inc., and One Hour Photo, Inc., all their attorneys Clair M. Carlin and McLaughlin, McNally and Carlin, all jointly and severally, shall forthwith pay to Defendant Rigby $32,799.64.

This judgment shall be entered by the Clerk forthwith, since the Court expressly determines that there is no just reason for delay pursuant to Civil Rule 54(B).

IT IS SO ORDERED.