SATURN SYSTEMS, INC., a Corporation of Minnesota, Plaintiff,

v.

SATURN CORPORATION, a Corporation of Maryland, Defendant.

No. 4–87 Civ 249.

United States District Court, D. Minnesota, Third Division.

May 8, 1987.

See also 659 F.Supp. 865.

Bassford, Heckt, Lockhart & Mullin by Lynn G. Truesdell and Charles E. Lundberg, Minneapolis, Minn., for defendant Saturn Corp.

Merchant, Gould, Smith, Edell, Welter & Schmidt by Norman P. Friederichs, Minneapolis, Minn., for plaintiff Saturn Systems, Inc.

## MEMORANDUM ORDER

ALSOP, Chief Judge.

This matter is before the court upon defendant Saturn Corporation's motion for attorney's fees and sanctions based on Section 35 of the Lanham Act, 15 U.S.C. § 1117(a); Rule 11 of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1927. At the hearing upon defendant's motion to dismiss this action for improper venue held March 27, 1987, the court invited plaintiff's counsel to submit a brief in response to this motion. Counsel has done this.

On December 11, 1986, counsel for plaintiff, Saturn Systems, Inc., filed a complaint alleging defendant has violated section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). On January 23, 1987, counsel for defendant sent to counsel for plaintiff copies of seven reported federal court decisions and a cover letter which attempted to persuade plaintiff's counsel that venue in Minnesota is improper under established venue principles. This letter further advised plaintiff's counsel that defendant would seek an award of attorney's fees in the event plaintiff refused to dismiss its case. Plaintiff refused to dismiss this case, and defendant filed an amended notice of motion and motion to dismiss on February 14, 1987.

As the court discusses in its memorandum order granting defendant's motion to dismiss this action for improper venue pursuant to Fed.R.Civ.P. 12(b)(3), the court perceives no merit in the position plaintiff's counsel takes with respect to the propriety of venuing this action in Minnesota. More importantly for the purposes of this motion, the court finds that plaintiff's counsel's attempt to establish venue in Minnesota was not the product of the "reasonable inquiry" required by Rule 11, and that the conduct of plaintiff's counsel has "so multiplied the proceedings ... as to increase costs unreasonably and vexatiously." *See* 28 U.S.C. § 1927.

Rule 11 provides in part:
The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension,

modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

The obligation imposed by Rule 11 includes a duty to inquire into the governing law as well as the facts pertinent to the pleading, motion, or other paper, and to insure that both support the position taken in that paper. *See, e.g., Golden Eagle Dist. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1536 (9th Cir.1986);[1] *Southern Leasing Partners, Ltd. v. McMullan*, 801 F.2d 783 (5th Cir. 1986); *Jorgenson v. County of Volusia*, 625 F.Supp. 1543 (M.D.Fla.1986); *Sony Corporation v. S.W.I. Training, Inc.*, 104 F.R.D. 535 (S.D.N.Y.1985). If the filing is signed in violation of this Rule, the court "shall impose" upon the person who signed it, a represented party, or both an appropriate sanction which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee. Fed.R.Civ.P. 11.

Plaintiff's counsel filed plaintiff's first memorandum in response to defendant's motion to dismiss for lack of venue on March 18, 1987. Plaintiff's argument in this memorandum that venue in Minnesota is proper rests upon three authorities. *See Burger King Corporation v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Foxtrap, Inc. v. Foxtrap, Inc.*, 671 F.2d 636 (D.C.Cir.1982); Minn.Stat. § 303.-13, subd. 1(3). Each of these authorities is relevant only to the issue of the reasonableness of the court's assertion of personal jurisdiction, and supports only plaintiff's

contention that defendant should be "deemed" to be doing business in Minnesota because plaintiff alleges defendant committed a tort in Minnesota. As noted in this court's accompanying memorandum order, this court previously has rejected this contention in terms so unequivocal as to require no repetition here. *See Tonka Corporation v. TMS Entertainment, Inc.*, 638 F.Supp. 386, 393 n. 7 (D.Minn.1985) (MacLaughlin, J.). Plaintiff's counsel, however, does not discuss or cite the *Tonka* decision.

In addition, in his memorandum of March 18, 1987, plaintiff's counsel argues that in the Eighth Circuit venue "is a procedural rule of convenience and ... the aggrieved party should be the first accommodated." This argument flatly contradicts the United States Supreme Court's previous conclusion that "it is absolutely clear that Congress did not intend to provide for venue at the residence of the plaintiff or to give that party an unfettered choice among a host of different districts." *Leroy v. Great Western United Corp.*, 443 U.S. 173, 185, 99 S.Ct. 2710, 2717, 61 L.Ed.2d 464 (1979). In light of this decision, counsel's contention is tantamount to arguing that the Eighth Circuit Court of Appeals may be expected to ignore clear Supreme Court precedent. It is also contrary to existing Eighth Circuit law. *See Bredberg v. Long*, 778 F.2d 1285 (8th Cir.1985) (applying *Leroy* to Fair Labor Standards Act venue case). The source of these errors may lie in plaintiff's counsel's failure to cite or discuss the Supreme Court's decision in *Leroy* despite the fact that that decision sets forth the principles which determine proper venue in a Lanham Act case.[2]

---

**1.** In *Golden Eagle,* the district court focused on counsel's duty of candor toward the court in assessing sanctions. The court faulted counsel for failing to identify its argument as suggesting an "extension, modification, or reversal of existing law," and for failing to disclose adverse authority. 103 F.R.D. 124, 129 (N.D.Cal.1984). Noting that the district court did not focus on whether a sound basis in law and in fact existed for counsel's motion, 801 F.2d at 1538, the court of appeals reversed the district court's decision.

This court does not base its decision to impose sanctions upon the grounds relied upon by the district court in *Golden Eagle. See infra,*

note 2. Instead, the court rests its decision solely upon its determination that counsel's decision to bring this action in Minnesota, and his refusal to dismiss the action in the face of defendant's cogent and well-supported suggestion that counsel do so, cannot have been the product of the reasonable prefiling inquiry required by Rule 11.

**2.** Counsel's conduct in this regard did not offend the applicable standards of professional conduct, and this court does not base its decision to impose sanctions on a violation of these standards. The Code of Professional Responsi-

Plaintiff's counsel filed a second brief in this matter on March 26, 1987. In this brief, counsel acknowledged the existence of the *Leroy* and *Tonka* decisions, but attempted to distinguish each case as factually dissimilar to the one at bar. Counsel argued these cases do not control disposition of the motion then before the court because venue cases such as this should be decided on the facts of each case. *Leroy* and *Tonka,* however, set forth legal principles of general applicability which direct the case-by-case factual analysis in which courts engage under the venue provisions of 28 U.S.C. § 1391. Thus counsel's reply brief continued to evade the question whether his decision to file this action in Minnesota was "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." *See* Fed.R.Civ.P. 11.

At the hearing held March 27, 1987, the court invited plaintiff's counsel to file a subsequent written response to defendant's motion for attorney's fees and sanctions. In a pair of briefs dated April 7, 1987, plaintiff's counsel finally offered an analysis of this case facially consonant with the principles set forth in the *Leroy* decision. This belated acknowledgement of controlling Supreme Court authority comprises a "post-hoc sleight of hand [that] does not justify, for Rule 11 purposes, an empty or misleading presentation in the first instance." *In re Ronco,* 46 B.R. 444, 457 (N.D.Ill.1984), *dismissed without opn.,* 793 F.2d 1295 (7th Cir.1986). Moreover, the weakness of this post-hoc analysis precludes a conclusion that a reasonable prefiling inquiry could have failed to dissuade plaintiff's counsel from seeking to establish a Minnesota venue.

This matter does not present a case in which an inexperienced attorney simply was mistaken in his interpretation of the controlling law. Plaintiff's counsel is an experienced attorney, and a partner in one of the law firms involved in the *Tonka* case. Defendant's counsel also provided plaintiff's counsel with copies of seven reported federal court decisions and a cogent argument in support of defendant's contention that venue in Minnesota would be improper. Plaintiff's failure to make a reasonable prefiling inquiry before commencing this action in Minnesota violated Rule 11. *See Rodgers v. Lincoln Towing Service, Inc.,* 771 F.2d 194, 205 (7th Cir.1985) (sanctioning counsel for asserting a legal position which is superficially plausible but has no basis in the law and ignores relevant United States Supreme Court authority contrary to the position asserted). Counsel's refusal to dismiss this action after receiving defendant's letter of January 23, 1987, compounded this violation. *See Van Berkel v. Fox Farm and Road Machinery,* 581 F.Supp. 1248 (D.Minn.1984) (Devitt, J.).[3] Therefore, the court concludes that the conduct of plaintiff's counsel requires the imposition of sanctions in the form of reasonable attorney's fees and costs sufficient to compensate defendant for the expense incurred in bringing its

bility of the American Bar Association, which D.Minn.R. 1(C) obligates counsel to observe, requires disclosure of adverse authority only if the authority in question is not disclosed by opposing counsel. A.B.A.Code of Prof.Resp. DR 7–106(B)(1). Counsel's obligation to disclose adverse authority under the Minnesota Rules of Professional Conduct is subject to the same qualification. Minn.R.Prof. Conduct 3.3(a)(3). Defendant's initial memorandum in support of its motion to dismiss or transfer cited and discussed both the *Leroy* and *Tonka* decisions, thus relieving plaintiff's counsel of his obligation under these rules to disclose them. Defendant's disclosure of these decisions, however, did not relieve plaintiff's counsel of his obligation to undertake the reasonable prefiling inquiry required by Rule 11, an obligation counsel had already violated.

**3.** Plaintiff's counsel attempts to distinguish the *Van Berkel* decision on the ground that "defendant has not shown that the statute of limitations has run on this case nor has plaintiff filed this case knowing that the statute had run as was the case in the *Van Burkle* (sic) case." *Van Berkel* was no more a case about the statute of limitations than the motion presently before this court is about proper venue in a Lanham Act case. The issue before this court in *Van Berkel* and at present is the same: whether plaintiff's counsel conducted the reasonable prefiling inquiry required by Rule 11. The court's decision in this matter is also the same as the *Van Berkel* court's: plaintiff's counsel failed to discharge the obligation imposed upon him by Rule 11.

**872**

motion to dismiss this action. *Id.;* Fed.R. Civ.P. 11; 28 U.S.C. § 1927.

Defendant's counsel may submit an affidavit detailing the expense incurred by defendant in bringing its motion to dismiss this action for improper venue.

Based upon the foregoing, the submissions and arguments of the parties, and the record as presently constituted,

IT IS ORDERED That defendant's motion for attorney's fees and costs be and the same hereby is granted. Defendant may submit an affidavit to this court detailing the expense incurred in bringing its motion to dismiss for improper venue.