**Harold J. BAKER and Linda C. Baker, Plaintiffs,**

v.

**CITIZENS STATE BANK OF ST. LOUIS PARK, Patrick F. Wells, Bernhard Loewen and Roger L. Hauge, Defendants.**

**Civ. No. 3–86–1059.**

United States District Court,
D. Minnesota,
Third Division.

June 26, 1987.

Richard A. Emerick, Bloomington, Minn., for plaintiffs.

Norman R. Carpenter, Faegre & Benson, and Richard A. Nordbye, Larkin, Hoffman, Daly & Lindgren, Minneapolis, Minn., for defendants.

## ORDER

DEVITT, District Judge.

Plaintiffs Harold and Linda Baker filed this action for fraud, misrepresentation, conversion, breach of fiduciary duty, intentional infliction of emotional distress and RICO violations in December 1986. Service was not obtained until April 1987. Defendants move for dismissal on several grounds, including running of the pertinent statutes of limitation, and for sanctions pursuant to Rule 11. This action is dismissed and sanctions are imposed.

All of plaintiffs' claims arise out of a series of transactions between themselves and several corporations under Harold Baker's control on the one hand and defendants on the other. Simply stated, plaintiffs alleged that defendants wrongfully obtained security from plaintiffs and wrongfully liquidated that security to plaintiffs' harm. All the essential facts underlying plaintiffs' claims are alleged to have occurred during or before December 1980, although some additional facts which are not essential to their claims are alleged to have occurred in 1981 and some irrelevant facts are alleged to have occurred as late as 1986.

### Statute of Limitation Defense

■ Each of plaintiffs' claims is barred by the applicable statute of limitation. The claims for misrepresentation, conversion, intentional infliction of emotional distress and breach of fiduciary duty are barred by the two-year limitation of actions under Minnesota Statutes § 541.-07(1). *Wild v. Rarig*, 302 Minn. 419, 442–51, 234 N.W.2d 775, 790–93 (1975). The fraud claim is barred by the six-year statute of limitation because plaintiff had discovered the facts constituting the fraud by December 1980, more than six years before the action was served. Minn.Stat. § 541.-05, subd. 1(6); Minn.R.Civ.P. 3.01; *Walker v. Armco Steel Corp.*, 446 U.S. 740, 751, 100 S.Ct. 1978, 1985, 64 L.Ed.2d 659 (1980).

■ As for the RICO claim, since the statute provides no limitation of actions period, the court must look to the most analogous state statute of limitation, *Board of Regents v. Tomanio*, 446 U.S. 478, 488, 100 S.Ct. 1790, 1797, 64 L.Ed.2d 440 (1980), as well as to that jurisdiction's construction of the same, including tolling of the statute of limitation. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 464, 95 S.Ct. 1716, 1722, 44 L.Ed.2d 295 (1975). The statute of limitation on the RICO claim could not have been tolled prior to service of the complaint in April 1987. The court need not determine, therefore, whether the most analogous state statute of limitation is the two-year limitation for an action on a statutory penalty or the six-year limitation for a fraud claim. The limitation period began running when plaintiffs knew or should have known of the facts constituting their RICO claim, almost all of which occurred in December 1980— approximately six years and three months prior to service of this action. Thus, no matter which statute of limitation is applied, the RICO action is barred.

### Rule 11 Motion

■ Plaintiffs did not respond to the Rule 11 motion in their brief. As explained by their counsel at the hearing, the motion was meritless in his opinion. He admitted that he had not researched the standards for professional liability under Rule 11 since its 1983 amendment. His sole defense was that he had commenced this action in *good faith*. Asked whether he was aware that Rule 11 contains an *objective* standard, plaintiffs' attorney professed ignorance. He stated that, while he is an experienced trial attorney, he primarily practices in Minnesota state courts. He denied that Minnesota Rules of Civil Procedure, Rule 11, contained a similar objective standard. That objective standard has been applied by the Minnesota courts, however, since July 1, 1985. It was suggested to counsel that he research the law under Rule 11 and file a brief in response to defendants' motion for sanctions. He has

**1198**

now done so. The court is satisfied that plaintiffs' counsel has violated Rule 11. Therefore, sanctions *must* be imposed.

Presented with counsel's "good faith defense," the court emphasizes that liability under Rule 11 is imposed on an *objective* basis and is in no way precluded by the signor's subjective intent. *E.g. In re RBA, Inc.*, 60 B.R. 953, 959 (Bankr.D.Minn.1986); *Eisenberg v. Sternberg*, 641 F.Supp. 620, 627 (W.D.Wis.1986). While plaintiffs may have been able to make a good faith argument for a modification of the law to prevent the RICO claim from being barred by the statute of limitation, thus making the RICO claim objectively reasonable, all of the state tort claims were clearly barred on the basis of the very facts recited in plaintiffs' complaint. Furthermore, while the court did not consider defendants' standing argument for purposes of dismissal, the court notes for purposes of defendants' motion for sanctions that plaintiffs lacked standing for much of the relief sought because their harm was only the indirect result of harm to corporations controlled by Harold Baker. A reasonable inquiry into the facts and the law, required of plaintiffs' counsel by Rule 11, would have revealed this. *EMI Limited v. Bennett*, 738 F.2d 994, 997 (9th Cir.1984).

Defendants also sought sanctions based on two other grounds for dismissal, *res judicata* and failure to state a claim upon which relief can be granted. The court's disposition of all claims on the basis of statutes of limitation mooted defendants' remaining arguments for dismissal. Suffice it to note that neither of these grounds for dismissal was so clearly meritorious as to provide justification for sanctions under Rule 11.

Based upon the foregoing, oral arguments, submitted memoranda, and all files, records and proceedings herein,

IT IS ORDERED that:

1. All of plaintiffs' claims are dismissed as barred by statutes of limitation.

2. Plaintiffs' attorney is SANCTIONED and is ordered to pay defendants $5,000.00 as partial payment of costs and fees incurred by defendants in defense of this action, to be apportioned among them as they may agree.