**Robert F. MURPHY, Plaintiff,**

v.

**KLEIN TOOLS, INC., Defendant.**

**No. 83-1764-C.**

United States District Court,
D. Kansas.

Dec. 15, 1988.

Robert Pottroff, Manhattan, Kan., for plaintiff.

H.E. Jones, Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on plaintiff's motion to review the magistrate's order filed November 4, 1988, and on defendant's motion for sanctions pursuant to Fed.

R.Civ.P. 11 and 28 U.S.C. § 1927. Defendant seeks oral argument on its motion. The court denies the request as oral argument would not materially aid it in deciding the motion. The court will first address the plaintiff's motion to review.

Fed.R.Civ.P. 72(a) provides that a district court "shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." As to nondispositive pretrial matters, the district court reviews the magistrate's order under a clearly erroneous or contrary to law standard. 28 U.S.C. § 636(b)(1)(A); *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1462 (10th Cir.1988).

 In an order filed August 22, 1988, this court granted summary judgment on behalf of defendant but withheld the entry of judgment pending the magistrate's determination of plaintiff's pending motion for sanctions. This order did not direct the decision of any pending motions to compel, and it was only intended to require a determination of whether defendant's past conduct was sanctionable as alleged by plaintiff in his motion. Rather than deciding the motion for sanctions, the magistrate simply denied the motion for sanctions and the motion to compel, stating:

It appears inappropriate, however, to further consider the motions at this time. If the district court's decision sustaining defendant's Motion for Summary Judgement is correctly decided, the case is, for all practical purposes, ended. For this court to impose sanctions, under such circumstances, may turn out to be akin to the futility of "beating a dead horse." On the other hand, if the decision of the district court sustaining the defendant's Summary Judgment Motion is reversed on appeal, the circumstances will be more appropriate to examine plaintiff's Motion to Compel on its merits in detail.

The magistrate also concluded that the plaintiff's motion to compel was moot.

This court agrees the plaintiff's motion to compel is moot. This court has not and does not order the determination of all pending discovery motions. Instead, this court only seeks a decision of plaintiff's motion for sanctions based upon defendant's alleged discovery abuses, failure to obey orders, and other sanctionable conduct. The determination of whether defendant's representatives or defendant's counsel have conducted themselves in a manner warranting sanctions and the levying of appropriate sanctions, if necessary, are not futile acts. The court vacates and remands the magistrate's order for determination of plaintiff's motion for sanctions.

Defendant has filed a motion for sanctions pursuant to Rule 11 and 28 U.S.C. § 1927 against plaintiff and/or plaintiff's counsel, Robert L. Pottroff, and the firm of Myers and Pottroff. Defendant contends plaintiff and his counsel violated Rule 11 by filing and pursuing this case, since a reasonable inquiry would have readily disclosed that as a matter of law plaintiff's claims were barred by the applicable statute of limitations. Defendant also contends § 1927 is violated by plaintiff persisting with these claims under these circumstances and "unreasonably and vexatiously multiplying" these proceedings. Defendant seeks to recover as sanctions its attorney's fees, expenses and costs incurred in defending against plaintiff's claims, totaling $172,482.88.

Plaintiff candidly admits that filing of the complaint in Kansas was a mistake. By affidavit, plaintiff avers that he and his counsel relied on New Mexico's three-year statute of limitations and in part on the advice of an attorney in New Mexico in filing the case here. Because of the imminent expiration of the three-year period, plaintiff avers that there was no time to confirm the basis for the other attorney's advice.

Rule 11 imposes the affirmative duty upon the signing attorney and/or party to a pleading to conduct a reasonable inquiry into the law and facts before filing. Rule 11 provides, in pertinent part:

The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information,

and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Challenged conduct is evaluated under a standard of "objective reasonableness— whether a reasonable attorney admitted to practice before the district court would file such a document." *Adamson v. Bowen,* 855 F.2d 668, 673 (10th Cir.1988) (citations omitted). Reasonableness is assessed under the circumstances existing as of the time of filing. Advis.Comm.Notes to Rule 11, 97 F.R.D. 165, 198–99 (1983). Before signing a pleading, an attorney must " 'stop, look, and listen.' " *Adamson,* 855 F.2d at 673, [quoting *Lieb v. Topstone Industries, Inc.,* 788 F.2d 151, 157 (3d Cir. 1987) ]. The Advisory Committee Notes suggest a number of factors relevant in determining what constitutes a reasonable inquiry—time available for the signer's investigation, the signer's reliance on his client, the filing is based on a plausible view of the law, and the signer's dependence on forwarding counsel or another member of the bar. 97 F.R.D. at 199. Rule 11 is violated "where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands." *Eastway Construction*

*Corp. v. City of New York,* 762 F.2d 243, 254 (2nd Cir.1985), *cert. denied,* —— U.S. ——, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987). As to whether a reasonable inquiry was made of existing law, a relevant factor is the time available for preparation. *Thomas v. Capital Sec. Services,* 812 F.2d 984, 988 (5th Cir.1987), *modified on other grounds,* 836 F.2d 866 (5th Cir.1988) (en banc).

 The court agrees that its statements and rulings in the summary judgment order of August 22, 1988, sustain a finding that plaintiff's counsel failed to conduct a reasonable inquiry of the existing law regarding the applicable statute of limitations before filing the complaint. Rather than repeating the arguments and discussion in that order, the court simply incorporates the same as if fully set out herein. Plaintiff's counsel attempts to excuse his failure to conduct a reasonable inquiry because of the shortness of time before the anticipated three-year limitations period expired. The persuasive weight of this excuse is eviscerated by the well-established *lex fori* rule in Kansas, by the continuation of this lawsuit after the filing of defendant's answer on October 4, 1983, raising the statute of limitation defense, and by the eventual filing of an amended complaint nearly three and a half years later asserting the same claims.

 Courts have not hesitated to find sanctionable conduct under Rule 11 for bringing claims clearly time-barred under the respective statutes of limitations. *Napier v. Thirty or More Unidentified Fed. Agents,* 855 F.2d 1080, 1091 (3rd Cir.1988) (applied two-year statute of limitations for claims under 42 U.S.C. §§ 1981 and 1983); *United States v. Gavilan Joint Community College Dist.,* 849 F.2d 1246, 1247, 1250– 51 (9th Cir.1988) [applied six-year statute of limitations for contract actions under 28 U.S.C. § 2415(a) brought by the United States]; *Fred A. Smith Lumber Co. v. Edidin,* 845 F.2d 750, 751–54 (7th Cir. 1988), [quoting *Dreis & Krump Mfg. v. Intern. Ass'n of Machinists,* 802 F.2d 247, 255 (7th Cir.1986) ], (" 'No competent attorney who made a reasonable inquiry into the

state of the law ... could have thought the [pleading] had any possible merit. He should have known it was time-barred.' "); *Baker v. Citizens State Bank of St. Louis Park,* 661 F.Supp. 1196, 1197 (D.Minn.1987) (two-year statute of limitations applied as to claims of misrepresentation, conversion, intentional infliction of emotional distress and breach of fiduciary duty and six-year statute of limitations as to fraud claim); *Van Berkel v. Fox Farm and Road Machinery,* 581 F.Supp. 1248, 1249–51 (D.Minn.1984) (violated Rule 11 in not making a reasonable inquiry of fact regarding the date of the accident in a product liability action and violated 28 U.S.C. § 1927 in not dismissing the lawsuit after learning it was barred by the statute of limitations). The present case of sanctionable conduct fits easily within this pattern of decisions. Plaintiff attempts to distinguish Rule 11 cases involving statutes of limitation where the limitation period only bars the remedy instead of the cause of action. The court appreciates the legal distinction but does not understand how this in any way impacts on an attorney's obligation to make a reasonable inquiry. The fact that defendant could have waived the statute of limitations defense in this case is not a strong mitigating factor nor should it allow parties under Rule 11 to pursue knowingly time-barred claims in hopes of a mistake by defense counsel. If the court were to excuse sanctionable conduct performed in part on the hopes of a mistake or incompetence by opposing counsel, Rule 11 could be swallowed by this exception and, more importantly, unreasonable conduct would be permitted for good faith reasons, which is a clear departure from the intentions behind the 1983 amendments to Rule 11.

■ Having found violations of Rule 11 in filing both the original and amended complaint and the memorandum opposing defendant's motion for summary judgment, the court must exercise its sound discretion in fashioning an appropriate sanction. Rule 11 sanctions have been attributed with divergent purposes—deterrence of future misconduct or compensating the party harmed by the misconduct. *See Brown v. Federation of State Medical Board of*

*U.S.,* 830 F.2d 1429, 1438–39 (7th Cir.1987). This court believes Rule 11 can accomplish both purposes, but that under certain circumstances, a court should be satisfied only with punishing the violator. The case at bar presents such circumstances. "[W]here deterrence is the purpose behind the sanction, the trial court must strive to impose a sanction that fits the inappropriate conduct." *Id.* at 1439.

The present case is one where equitable considerations also play a major role in fashioning an appropriate sanction. One such factor is whether the party seeking fees caused the litigation to be longer than necessary. *Id.* Defendant waited over four years before presenting its statute of limitations defense to the court in a motion. Such protracted delay in raising a clearly meritorious defense should not be rewarded with fees and costs. Because of this factor and the large discovery expenses already borne by plaintiff and his counsel, the court believes a written reprimand to plaintiff's counsel for his failure to make a reasonable inquiry into the existing law is a sufficient sanction. The court admonishes plaintiff's counsel that his mistake and oversight not only places a financial burden on the parties, but the court's resources and time have also been wasted by his neglect. The court further hopes that plaintiff's counsel will be attentive to choice of law questions before filing another case in federal court.

■ For the reasons stated above, the court finds that neither plaintiff nor his attorney should personally bear the costs, expenses and attorney fees in this action sought by defendant pursuant to 28 U.S.C. § 1927. Defendant could have enjoyed the same success four years ago by promptly filing a dispositive motion. It would be inequitable for plaintiff or his counsel to shoulder the costs and expenses incurred by defendant's delay.

IT IS THEREFORE ORDERED that plaintiff's motion for review of the magistrate's order is granted in part, and the case is remanded only for determination of plaintiff's motion for sanctions;

IT IS FURTHER ORDERED that defendant's motion for sanctions is granted in part, as plaintiff's counsel is found to have violated Rule 11, but defendant's request for costs, expenses and attorney's fees is denied.