956 F.2d 1163
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Allen Stephon MARSHBURN, Defendant-Appellant.
 No. 91-5649.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 4, 1991.
Decided March 2, 1992.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Terrence W. Boyle, District Judge. (CR-90-33)
 Argued: Robert Thomas Hargett, Hargett & Hargett, Jacksonville, N.C., for appellant; John Stuart Bruce, Assistant United States Attorney, Raleigh, N.C., for appellee.
 On Brief: Margaret Person Currin, United States Attorney, Jane H. Jolly, Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before WIDENER and WILKINSON, Circuit Judges, and DENNIS W. SHEDD, United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 In this case defendant Allen Stephon Marshburn appeals his convictions and sentencing for various cocaine-related crimes. We affirm.
 
 I.
 
 2
 Marshburn was indicted on August 14, 1990, for conspiracy to possess and distribute crack cocaine, distribution of crack cocaine, possessing a firearm during the commission of a drug crime, selling crack cocaine within 1,000 feet of a school, and distributing crack cocaine to a person under the age of 21. Marshburn was tried before a jury on November 7, 8, and 9, 1990. At trial, undercover police agents and other witnesses testified that they had purchased crack cocaine from Marshburn and three of his associates on several occasions. Marshburn himself admitted that he was involved in distributing cocaine to the undercover agents, but he insisted that he had no financial interest in the transactions. Marshburn maintained that he participated only for the opportunity to take a portion of the cocaine for his own use.
 
 
 3
 After three days of trial, the jury found Marshburn guilty of all the above offenses. The district court then sentenced Marshburn under the United States Sentencing Guidelines. Marshburn appeals his convictions and sentencing.
 
 II.
 
 4
 Marshburn first argues that the district court erred in one of its evidentiary rulings. At trial, the court refused to allow the defense to impeach an undercover police officer by introducing evidence with regard to the officer's conduct in an unrelated case. The case involved the seizure of an automobile under order from a North Carolina district court. The district court examined the order and concluded that there was no prior bad act and that the officer had been acting within the scope of his employment.
 
 
 5
 Marshburn contends that this was error, but fails to present us with any basis for evaluating the district court's exercise of discretion. Marshburn fails to even provide us with the document on which the district court based its decision. In the absence of any basis to conclude that the district court abused its discretion, we must affirm its decision. See In re Schnabel, 612 F.2d 315, 318 (7th Cir.1980) (appellants responsible for providing a proper record for evaluating their arguments).
 
 III.
 
 6
 Marshburn also contends that the district court erred in denying a pre-trial motion to suppress some incriminating statements he had made during an interview with police officers and an Assistant United States Attorney. After hearing his Miranda rights and consulting with his attorney, Marshburn made some incriminating statements that were later used at trial. He contends he made those statements in reliance on a government promise of assistance in return for his cooperation. The district court, however, found that no such promise was made, and we see no clear error in its finding.
 
 IV.
 
 7
 Marshburn next argues that the district court erred in refusing to instruct the jury on the affirmative defense of entrapment. Marshburn adduced no evidence that the government induced his commission of any of these offenses, however, and the instruction was not warranted. See United States v. Perl, 584 F.2d 1316, 1321 (4th Cir.1978).
 
 V.
 
 8
 Finally, Marshburn argues that the district court erred in calculating his sentence. The district court found that the total amount of crack cocaine negotiated for distribution was between fifty and 150 grams, and used that amount to calculate Marshburn's base offense level under the tables in § 2D1.1(c) of the Sentencing Guidelines. Marshburn contends that the district court should have used the quantity of drugs actually sold rather than the amount negotiated for sale. Because Marshburn testified that he shorted his customers to satisfy his own drug habit, he asserts that the negotiated amounts exaggerated the actual amount of drugs involved. Thus, although the Guidelines generally permit the use of the "weight under negotiation in an uncompleted distribution," U.S.S.G. § 2D1.4, comment (n. 1), Marshburn argues that such an approach is improper in this case.
 
 
 9
 We disagree. The Guidelines provide a clear exception to the use of negotiated quantities "where the court finds that the defendant did not intend to produce and was not reasonably capable of producing the negotiated amount." Id. (emphasis added). Here the exception does not apply, however, because there was never any suggestion that Marshburn was incapable of producing the negotiated amount. We therefore affirm.
 
 VI.
 
 10
 For the foregoing reasons, the judgment of the district court is
 
 
 11
 AFFIRMED.