60 F.3d 1292
 27 Bankr.Ct.Dec. 606, Bankr. L. Rep. P 76,557
 In re Christian J. AFFELDT; Susan M. Affeldt, Debtors.
Christian J. AFFELDT, Appellee,
v.
WESTBROOKE CONDOMINIUM ASSOCIATION, doing business as Meadow
Creek Condominiums, Appellant.
 No. 94-2846.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 15, 1995.
Decided July 5, 1995.
Rehearing Denied Aug. 21, 1995.
 
 Todd Iliff, Edina, MN, argued. Chad Johnson, Edina, MN appeared on the brief, for appellant.
 Rebecca Helzer, Minneapolis, MN, argued, for appellee.
 Before MAGILL, Circuit Judge, and HEANEY and JOHN R. GIBSON, Senior Circuit Judges.
 MAGILL, Circuit Judge.
 
 
 1
 Westbrooke Condominium Association appeals the district court's[1] decision affirming the bankruptcy court's[2] grant of summary judgment in favor of Christian J. Affeldt. The bankruptcy court determined that the discharge entered in Affeldt's Chapter 7 bankruptcy relieved Affeldt from personal liability for postpetition condominium assessments and permanently enjoined Westbrooke from attempting to collect the postpetition condominium assessments. We affirm, but on a different ground.
 
 I.
 
 2
 The following facts are undisputed. On December 18, 1990, Christian Affeldt and Susan Affeldt, Christian's former wife, filed a petition for relief under Chapter 7 of the Bankruptcy Code. Westbrooke Condominium Association was listed as a creditor on the Affeldts' bankruptcy schedules. The Affeldts received a discharge in bankruptcy under 11 U.S.C. Sec. 727 (1988) in March 1991.
 
 
 3
 On the same day they filed for bankruptcy, Christian and Susan were divorced. Under the terms of their divorce decree, Susan was awarded sole and exclusive ownership of the condominium that is the subject of this appeal. Christian has neither resided in the condominium, nor received any benefits from it, since December 18, 1990. Although the divorce decree terminated Christian's interest in the condominium, both he and Susan are listed as its record owners.
 
 
 4
 Before the Affeldts received their Sec. 727 discharge in bankruptcy, Westbrooke contacted Christian to determine his intention to pay postpetition condominium assessments. Christian, through his attorney, suggested that Westbrooke foreclose its lien on the condominium for unpaid assessments and that he would redeem the condominium from Westbrooke after foreclosure, thereby eliminating Susan's interest in the condominium. Westbrooke never foreclosed upon the condominium because Christian refused to prepay $2500 for Westbrooke's legal expenses in connection with the foreclosure.
 
 
 5
 On April 12, 1993, Westbrooke initiated a civil suit in Minnesota state court against Christian and Susan to collect postpetition condominium assessments. On July 14, 1993, Westbrooke received a default judgment of $6,694.40 against Christian and Susan in the state action. In this default judgment, the Minnesota state court found that Christian and Susan were personally liable for certain dues and assessments pursuant to the Condominium Declaration which created and governed the condominium. On July 14, 1993, Westbrooke served Christian with a notice of garnishment proceedings.
 
 
 6
 On August 23, 1993, Christian initiated an adversary proceeding in bankruptcy court seeking: (1) injunctive relief from Westbrooke's attempts to execute the default judgment; (2) a determination that the postpetition condominium assessments had been discharged by Christian's earlier Sec. 727 discharge; and (3) damages, including attorney's fees. Both Christian and Westbrooke filed motions for summary judgment. The bankruptcy court (1) granted Christian's motion for summary judgment, determining that the postpetition condominium assessments were discharged in the Chapter 7 bankruptcy; (2) denied Westbrooke's motion for summary judgment; (3) issued a permanent injunction prohibiting Westbrooke from attempting to collect the postpetition condominium assessments; and (4) reserved ruling on Christian's request for damages and attorney's fees pending an evidentiary hearing.
 
 
 7
 Westbrooke appealed the bankruptcy court's decision to the district court, which affirmed the decision of the bankruptcy court. This appeal ensued. On appeal, Westbrooke argues that the district court and bankruptcy court erred in determining that Affeldt's Sec. 727 discharge encompasses postpetition condominium assessments. Affeldt argues that we have no jurisdiction to hear this appeal because it is not from a final judgment.
 
 II.
 
 8
 Affeldt argues that the panel has no jurisdiction under 28 U.S.C. Sec. 158(d) (1988) to hear this appeal because the bankruptcy court's order was not final. Although the bankruptcy court's order was not final, the bankruptcy court issued a permanent injunction along with its grant of summary judgment in favor of Affeldt. Under 28 U.S.C. Sec. 1292(a)(1) (1988), we have jurisdiction over orders granting such injunctions. In Connecticut Nat'l Bank v. Germain, the Supreme Court held that we may rely on Sec. 1292 as a basis for jurisdiction over such injunctions in bankruptcy proceedings. 503 U.S. 249, 254-56, 112 S.Ct. 1146, 1150, 117 L.Ed.2d 391 (1992). Therefore, since the bankruptcy court issued a permanent injunction against Westbrooke, we have jurisdiction pursuant to Sec. 1292(a)(1).
 
 III.
 
 9
 The issue raised in this appeal is a question of law. The district court reviewed the bankruptcy court's conclusions of law de novo. In re Euerle Farms, Inc., 861 F.2d 1089, 1090 (8th Cir.1988). In reviewing the district court's affirmance of the bankruptcy court's grant of summary judgment, we "sit in the same position as did the district court." Id. Thus, we review the bankruptcy court's conclusions of law de novo.
 
 
 10
 The discharge entered in Affeldt's Chapter 7 bankruptcy discharges all of Affeldt's prepetition debts. 11 U.S.C. Sec. 727(b). Section 727(b) states:
 
 
 11
 Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.
 
 
 12
 When the Affeldts' bankruptcy was commenced on December 18, 1990, there was no statutory exception to discharge under Sec. 523 for condominium assessments that accrue postpetition.[3] Accordingly, under Sec. 727, the determinative issue is whether the condominium assessments accrued before or after the commencement of the Affeldts' bankruptcy petition. If the condominium assessments accrued prepetition, they are discharged; if they accrued postpetition, they are not discharged.
 
 
 13
 The creditor opposing discharge bears the burden of proving that the debt is nondischargeable. Werner v. Hofmann, 5 F.3d 1170, 1172 (8th Cir.1993); Matter of Gless, 179 B.R. 646, 648 (Bankr.D.Neb.1995) (citing Fed.Bankr.R. 4005). Accordingly, in this case, Westbrooke, not Affeldt, has the burden of proving that the condominium assessments arose postpetition.
 
 IV.
 
 14
 The issue presented in this case is not new, and has resulted in a split of authorities. The cases have split into two distinctive lines, with some recent cases combining the two lines into a third line. One line holds that the debtor's liability for condominium assessments is nondischargeable, arising from a covenant running with the land. See, e.g., In re Rosenfeld, 23 F.3d 833 (4th Cir.), cert. denied, --- U.S. ----, 115 S.Ct. 200, 130 L.Ed.2d 131 (1994). The Rosenfeld line of cases determines that condominium assessments accrue postpetition because the debtor owns the property postpetition. See, e.g., id. at 837; In re Beeter, 173 B.R. 108 (Bankr.W.D.Tex.1994); In re Raymond, 129 B.R. 354, 363 (Bankr.S.D.N.Y.1991). The determinative factor under this analysis is that the condominium declaration constitutes a covenant running with the land. Rosenfeld noted that the declaration in that case "expressly states that it is a covenant running with the land and binds and inures to the benefit of all present and future owners." 23 F.3d at 837. Raymond also focused on the specific provisions of the condominium declaration at issue in that case, noting that the declaration required them to make monthly payments for assessments. 129 B.R. at 355-56. Since the condominium declaration is a covenant running with the land, these cases hold that the condominium assessments do not accrue until they are assessed. Consequently, any postpetition assessments cannot be discharged by a bankruptcy court.
 
 
 15
 The second line holds that the debtor's liability for the assessments is dischargeable, arising from a prepetition contractual obligation. See, e.g., Matter of Rosteck, 899 F.2d 694 (7th Cir.1990). The third line holds that a debtor may be discharged from this liability despite retaining post-petition ownership of the unit if debtor relinquishes possession or other incidents of ownership in clear and unequivocal terms. See, e.g., Matter of Pratola, 152 B.R. 874, 877 (Bankr.D.N.J.1993). The Rosteck line of cases determines that postpetition condominium assessments accrue prepetition because the debtor's ownership of the condominium prepetition initially establishes his liability for future condominium assessments, although the liability is contingent and unliquidated. See Rosteck, 899 F.2d at 696-97; Matter of Garcia, 168 B.R. 320 (Bankr.E.D.Mich.1993); Matter of Wasp, 137 B.R. 71 (Bankr.M.D.Fla.1992); In re Cohen, 22 B.R. 755 (Bankr.S.D.Cal.1991); In re Turner, 101 B.R. 751 (Bankr.D.Utah 1989); and In re Elias, 98 B.R. 332 (Bankr.N.D.Ill.1989). These cases hold that the condominium declaration is a contract entered into when the debtor purchased the condominium. Rosteck, 899 F.2d at 696. The purchase of the condominium obligates the debtor to pay any assessments levied in the future. This obligation to pay is uncertain, depending upon the debtor's continued ownership of the land and whether the condominium association levies assessments. However, the assessments still accrue prepetition because the definition of debt under the Bankruptcy Code includes unliquidated, contingent and unmatured debts. 11 U.S.C. Sec. 101(4), (11) (1988).
 
 
 16
 Thus, the determinative factor in determining which line of cases to follow is whether the condominium declaration and corresponding documents are simply a contract or constitute a covenant running with the land. Neither Westbrooke nor Affeldt submitted the condominium declaration that is at issue in this case to the bankruptcy court. The only evidence in the record concerning these documents is found in footnote one of the bankruptcy court's opinion, which states: "It is not disputed that the Declaration and other condominium agreements were executed prepetition." Since neither the Declaration nor any other condominium agreements[4] were submitted to the court, they are not part of the record that we may consider on this appeal.
 
 
 17
 It is thus impossible to determine whether the subject condominium declaration is more akin to a contract or to a covenant running with the land. We decline to undertake this analysis in the abstract, relying solely on the Minnesota Uniform Condominium Act, without the condominium declaration and any other pertinent documents before us. Accordingly, we cannot determine whether or not the condominium assessments are dischargeable. Westbrooke had the burden of introducing evidence sufficient to show that the postpetition assessments were nondischargeable, which it did not meet. See In re Schnabel, 612 F.2d 315, 318 (8th Cir.1980). Therefore, we affirm the district court's judgment, affirming the bankruptcy court, that the postpetition condominium assessments were discharged.[5] We decline to adopt either the Rosteck or Rosenfeld analysis, or some combination of the two lines, at this point.
 
 V.
 
 18
 Because Westbrooke failed to meet its burden of proof, we affirm the decision of the district court.
 
 
 
 [1]
 The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota
 
 
 [2]
 The Honorable Nancy C. Dreher, United States Bankruptcy Judge for the District of Minnesota
 
 
 [3]
 In 1994, Congress amended Sec. 523 to specifically exclude certain postpetition condominium assessments from discharge. Section 523(a)(16) provides that a debtor is not discharged from any debt
 for a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the debtor's interest in a dwelling unit that has condominium ownership or in a share of a cooperative housing corporation, but only if such fee or assessment is payable for a period during which--
 (A) the debtor physically occupied a dwelling unit in the condominium or cooperative project; or
 (B) the debtor rented the dwelling unit to a tenant and received payments from the tenant for such period,
 but nothing in this paragraph shall except from discharge the debt of a debtor for a membership association fee or assessment for a period arising before entry of the order for relief in a pending or subsequent bankruptcy case.
 This section does not benefit either Westbrooke or Affeldt because it does not apply to cases commenced under Title 11 of the United States Code before October 22, 1994. Pub.L. No. 103-394, Sec. 702, 1994 U.S.C.C.A.N. (108 Stat.) 4106, 4151.
 
 
 [4]
 Westbrooke stated at oral argument that neither Christian nor Susan executed any condominium agreements
 
 
 [5]
 We do not believe that Bush v. Taylor, 912 F.2d 989 (8th Cir.1990) (en banc), is applicable to this case. In Bush, we found that a former wife's one-half interest in her former husband's pension was a nondischargeable debt, in part because it did not become a debt until it was due and payable on the fifteenth of each month. Id. at 993. Bush was awarded a one-half interest in Taylor's pension as her "sole and separate property" pursuant to a Washington state divorce decree. Id. at 990. In determining that Bush's interest in the pension was nondischargeable, we expressed doubt that "Congress ever intended that a former wife's judicially decreed sole and separate property interest in a pension payable to her former husband should be subservient to the Bankruptcy Code's goal of giving the debtor a fresh start." Id. at 994. Bush's separate property interest in Taylor's pension is obviously distinct from the condominium assessments at issue here. Even assuming that Bush is applicable, it does not relieve Westbrooke's burden of proving the assessments are nondischargeable. We do not believe that Westbrooke can meet this burden without submitting the documents creating the obligation to pay the assessments