Mary HILL, Widow of and Personal Representative for the Estate of, Robert J. Hill, deceased, Plaintiff,

v.

PORTER MEMORIAL HOSPITAL; John L. Swarner, M.D., Tim Whetsel, M.D. Hartley M. Thomas, M.D. and Porter Emergency Physicians Associates, P.O., Defendants.

No. 2:94CV–029RL.

United States District Court, N.D. Indiana, Hammond Division.

Oct. 27, 1995.

Priscilla Herochik, Merrillville, IN Timothy Malloy, Schererville, IN, for Mary Hill.

Kathleen Maicher, Merrillville, IN, for Porter Memorial, Hartley Thomas, MD, Porter Emergency Physicians Assoc.

David Jensen, Alyssa Stamatakos, Hammond, IN, for John L. Swarner, MD, Tim Whetsel, MD.

Michael Baechle, Feisal Istrabadi, Merrillville, IN, for Antonio Zelaya, MD.

## ORDER

RODOVICH, United States Magistrate Judge.

This matter is before the Court on the Motion to Compel Supplementation of Record filed by the defendants on October 13, 1995. For the reasons set forth below, the motion is **GRANTED.**

## Background

The plaintiff, Mary Hill, filed a medical malpractice claim against Porter Memorial Hospital and several physicians treating her husband at the time of his death. After a two week trial, the jury returned a verdict in favor of all of the defendants. On appeal, the plaintiff intends to challenge several evidentiary and discovery rulings concerning expert medical witnesses.

After filing the Notice of Appeal, the plaintiff completed the Seventh Circuit Transcript Information Sheet. Instead of ordering the transcript of the entire trial, the plaintiff ordered portions of the transcript relating to a number of evidentiary rulings and selected portions of expert testimony. The defendants did not believe that the designated portions of the transcript were adequate to consider the issues raised on appeal. Pursuant to Federal Rule of Appellate Procedure 10(b)(3), the defendants requested the plaintiff to supplement the record. When the plaintiff failed to order additional portions of the record, the defendants filed a Motion for Order Requiring Appellant to Include Additional Parts of Transcript on August 16, 1995. The plaintiff failed to respond to that motion, and it was granted on September 7, 1995.

Rather than complying with the September 7 Order, the plaintiff has attempted to perfect the appeal without the additional portions of the transcript. On October 6, 1995, the defendants filed a motion with the Court of Appeals seeking an order compelling the plaintiff to supplement the record. On October 11, 1995, the Court of Appeals directed this court to consider that motion.

## Discussion

Federal Rule of Appellate Procedure 10(b)(3) provides:

> Unless the entire transcript is to be included, the appellant shall, within the 10–day time provided in (b)(1) of this Rule 10, file a statement of the issues the appellant intends to present on the appeal, and shall serve on the appellee a copy of the order or certificate and of the transcript. An appellee who believes that a transcript of other parts of the proceedings is necessary shall, within 10 days after the service of

the order or certificate and the statement of the appellant, file and serve on the appellant a designation of additional parts to be included. Unless within 10 days after service of the designation the appellant has ordered such parts, and has so notified the appellee, the appellee may within the following 10 days either order the parts or move in the district court for an order requiring the appellant to do so.

Since the defendants complied with this rule, the September 7 Order required the plaintiff to supplement the record.

Rule 10(b) does not provide a remedy if the appellant fails to supplement the record. However, Federal Rule of Appellate Procedure 3(a) provides in part:

Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal.

By its terms, Rule 3(a) does not permit the district court to dismiss the appeal.

A number of appellate decisions have discussed the appellant's failure to provide an adequate transcript on appeal. In *Fisher v. Krajewski,* 873 F.2d 1057 (7th Cir.1989), the appellant failed to comply with Rule 10(b). The appellee filed a complete copy of the record along with a motion to dismiss the appeal. The Court of Appeals stated:

It is obvious that an appellate court has no alternative but to dismiss an appeal if the absence of the transcript precludes meaningful review. Confronted with this situation, several courts of appeal have decided that the failure to file a transcript of the lower court proceedings warrants dismissal of the appeal. Two other circuits, while acknowledging their authority to dismiss the appeals, have decided cases on the merits to the extent it is practical and possible in the absence of a transcript. (citations omitted)

It is plain under Fed.R.App.P. 3(a) and the cases cited above, that an appeal may be dismissed for failure to comply with Rule 10(b). However, in each of the cases referred to, a judgment of dismissal was entered because the courts were unable to engage in meaningful review of the lower court proceedings based on the lack of a record before them. That is not the situation here, as the appellee properly took it upon himself, at his own expense, to file the transcript. Thus, meaningful review is possible, and we reach the merits in this case …

873 F.2d at 1061.

After the decision of the district court was affirmed, the cost of transcript was assessed against the appellant under Federal Rule of Appellate Procedure 39(e). 873 F.2d at 1069. *See also Woods v. Thieret,* 5 F.3d 244, 245 (7th Cir.1993); *Wilson v. Electro Marine Systems, Inc.,* 915 F.2d 1110, 1117–18 (7th Cir.1990).

Although dismissal is an appropriate sanction, it is within the discretion of the appellate court to determine whether that sanction should be imposed. In *Horner Equipment International, Inc. v. Seascape Pool Center, Inc.,*[1] 884 F.2d 89 (3rd Cir.1989), the Court of Appeals stated:

Dismissal of an appeal for failure to comply with procedural rules is not favored, although Rule 3(a) does authorize it in the exercise of sound discretion. That discretion should be sparingly used unless the party who suffers it has had an opportunity to cure the default and failed to do so. Moreover, before dismissing an appeal, we believe that a court should consider and weigh such factors as whether the defaulting party's action is willful or merely inadvertent, whether a lesser sanction can bring about compliance and the degree of prejudice the opposing party has suffered because of the default. (citation omitted)

---

1. In *Horner,* the Territorial Court of the Virgin Islands entered judgment against the appellant after a bench trial. The appellant first appealed to the District Court of the Virgin Islands, Appellate Division. When the appellant failed to comply with Rule 10(b), the Appellate Division dismissed the appeal. In its opinion, the Third Circuit was reviewing the decision of the Appellate Division. Although *Horner* involved an appeal from a district court, it was procedurally different than the instant case. No other case has been located where the district court dismissed the appeal.

884 F.2d at 93.

*See also Coats v. Pierre,* 890 F.2d 728, 731 (5th Cir.1989).

■ In addition to dismissing the appeal for failing to comply with Rule 10(b), the Circuit Court can deny the appeal on the merits. In *Andrews v. United States,* 817 F.2d 1277, 1281 (7th Cir.1987), the Court of Appeals affirmed an evidentiary ruling of the district court in the absence of a complete record since it was the appellant's "burden to present an adequate record on appeal to allow the appellate court to evaluate his claims." *See also Wilson,* 915 F.2d at 1118 n. 4 ("Since the appellant carries the burden to provide transcripts he must suffer the cost of their absence"); *Trotter v. Klincar,* 748 F.2d 1177, 1184 n. 8 (7th Cir.1984) ("the plaintiff-appellant bears the responsibility for not assembling an adequate record for this court's review"); and *In re Schnabel,* 612 F.2d 315, 318 (7th Cir.1980).

In her response to the pending motion, the plaintiff has raised two issues. First, the plaintiff claims that she is financially unable to afford the entire transcript. Second, she contends that the partial transcript which was ordered is sufficient to evaluate the issues raised on appeal.

■ With respect to the first issue, the plaintiff's financial condition does not relieve her of the obligation to comply with Rule 10(b). If a transcript is unavailable, Rule 10(c) permits the parties and the district court to create a record of the proceedings. However, a transcript is not "unavailable" when a party cannot afford to pay the court reporter. *Richardson v. Henry,* 902 F.2d 414, 416 (5th Cir.1990); and *Thomas v. Computax Corporation,* 631 F.2d 139, 141–42 (9th Cir.1980).

■ As to the second issue, the plaintiff has attempted to explain how the partial transcript permits a consideration of the issues raised on appeal. However, the plaintiff is not entitled to have her argument considered on the merits. As previously stated, the defendants filed their Rule 10(b) motion on August 16, 1995. The plaintiff failed to file a timely response, and that motion was granted on September 7, 1995. A court is

not required to consider arguments raised for the first time after it has reached a decision. *Brandt v. Vulcan, Inc.,* 30 F.3d 752, 757 (7th Cir.1994); *King v. Cooke,* 26 F.3d 720, 726 (7th Cir.1994) (a party may not challenge a judgment by raising new theories in a Rule 59(e) motion); *Northwestern National Insurance Company v. Baltes,* 15 F.3d 660, 662–63 (7th Cir.1994) (discussing arguments raised for the first time after a motion for summary judgment was granted).

■ Even if the plaintiff's argument is considered on the merits, it still must fail. The plaintiff has alleged that some medical testimony was excluded improperly by discovery and evidentiary rulings. On appeal, the plaintiff must demonstrate both that the rulings were an abuse of discretion and that she was prejudiced by the excluded evidence. *See generally Mankey v. Bennett,* 38 F.3d 353, 356 (7th Cir.1994); *DeRance, Inc. v. PaineWebber, Inc.,* 872 F.2d 1312, 1324 (7th Cir.1989); *Dole v. Local 1942, International Brotherhood of Electrical Workers,* 870 F.2d 368, 371 (7th Cir.1989); and *Otis Clapp & Son, Inc. v. Filmore Vitamin Company,* 754 F.2d 738, 744 (7th Cir.1985). In determining whether the plaintiff was prejudiced because some of her medical evidence was excluded, the Court of Appeals must consider all of the medical evidence introduced at trial. The September 7 Order was necessary to provide the complete transcript for the appeal.

For the foregoing reasons, the Motion to Compel Supplementation of Record filed by the defendants on October 13, 1995, is **GRANTED.** The plaintiff, Mary Hill, is **ORDERED** to supplement the record consistent with the Order entered on September 7, 1995, by November 3, 1995.